UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPACE AGE ALARMS, INC.,

                                           **Plaintiff,**

           – against –

THE BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT, MICHAEL J. LYNCH AND ALARM SPECIALISTS, INC.

                                             **Defendant.**

Case No.:

07-CV-7606 (CLB)(MDF)

**AFFIDAVIT OF**
**FRED SEILER**

---

State of New York      )
                                ) ss.:
County of Westchester  )

      FRED SEILER, being duly sworn, deposes and says:

      1.    I am the Assistant Superintendent for Business for the Defendant, the Board of Education of the White Plains City School District (hereinafter referred to as the "School District"). As such, my responsibilities include oversight of the School District's budget, facilities, transportation, food and nutrition services and financial activities, including the alarm contracts. I have been Assistant Superintendent Business for over one year and have worked in administrative positions in the business offices other school districts for over sixteen years.

      2.    I respectfully submit this Affidavit in Support of the School District's Motion to Dismiss on the grounds: (1) Plaintiff has failed to comply with the Notice of Claim requirements of Section 3218 of the New York State

Education Law; (2) Plaintiff failed to state a claim upon which relief can be granted; and (3) should the federal claims be dismissed and if any state law claims remain, the Court should decline to exercise jurisdiction over those state law claims.

3. Unless otherwise stated, the facts set forth below are based upon the books and records maintained by the School District in connection with this matter and upon my personal knowledge.

4. The safety of students and staff is of paramount importance to the School District. In fulfilling this obligation, the School District utilizes both fire and security alarm systems. The systems are installed, maintained, updated, serviced and monitored by contractors. In anticipation of the 2007-08 school year, the School District went out to bid for the monitoring, maintenance and installation of materials for both its fire alarm and security alarm systems. The bid specifications set forth the terms and conditions under which the successful bidder would be required to perform. A copy of the Plaintiff's Fire Alarm contract identified as Bid #2007-15 is annexed hereto as Exhibit A. A copy of the Plaintiff's Security Alarm contract identified as Bid #2007-16 is annexed hereto as Exhibit B.

5. The bid specifications required the contractor to provide new communications equipment for which Plaintiff has refused to comply.

6. Plaintiff was the low bidder on both the alarm contracts. Upon information and belief, Plaintiff completed a walkthrough of the school buildings with Defendant Michael Lynch, the Director of Facilities and Operations.

7. Thereafter, on June 11, 2007, the Board of Education awarded the Plaintiff the security and fire alarm systems contracts. The value of the security alarm system contract was $7,722.00. The value of the fire alarm system contract was $10,722.00. The total value of both contracts was $18,444.00.

8. The Board of Education who awarded, and later terminated, the contracts is comprised of persons who are the same race as Plaintiff's principals – two (2) of the seven (7) elected members are African-Americans.

9. Since the contracts were awarded, Plaintiff failed to, indeed refused to, install the communication equipment as required. Instead, Plaintiff demanded to be allowed to use the old equipment.

10. On the evening of August 6, 2007, the Board of Education convened its regular meeting. Plaintiff attended this meeting and had the opportunity to address the Board. The Board did not act to terminate the contracts. I had hoped that the Plaintiff would comply with its contractual obligations.

11. The failure to install the new equipment was a substantial breach of the contract because without the new equipment, Plaintiff could not monitor the alarm systems.

12. In doing its due diligence to ensure the alarm systems would be monitored at the beginning of the school year, the School District on August 9,

2007, put out notice that it was soliciting bids for the security and fire alarm systems should Plaintiff fail to fulfill its contractual obligations.

13. Plaintiff has never explained why it believes the provisions regarding the installation of new equipment do not apply to Plaintiff.

14. Nevertheless, after giving Plaintiff multiple opportunities to comply with the contracts' requirements and left with no other choice as the first day of school was fast approaching, on August 27, 2007, at a public meeting of the Board of Education, the Board voted to terminate the contracts. This is the same Board of Education which originally awarded the contracts.

15. Upon information and belief, the same day, Plaintiff was heard in the Southern District of New York on an Order to Show cause seeking a preliminary injunction enjoining the School District from contracting with any other alarm company. In essence, Plaintiff wanted the School District to open its doors on the first day of school without an operating fire and security alarm system. After hearing arguments, upon information and belief on August 27, 2007, Judge Laura Taylor Swain denied in whole the Order to Show Cause. A copy of the August 27, 2007, Order is annexed hereto as Exhibit C.

16. In accord with the notice requirements, on August 28, 2007, Plaintiff was advised that the contracts were terminated and such termination would become effective on September 5, 2007.

17. Plaintiff never filed a Notice of Claim with the School District as required by the New York State Education Law. I have been advised that

without the submission of a written timely Notice of Claim, providing the School District with an opportunity to investigate the claim, a lawsuit for recovery cannot be commenced against the School District.

18. Moreover, the Plaintiff has failed to state a claim on its federal and state claims.

19. Therefore, I respectfully request that the Plaintiff's Complaint and claims against the School District and Michael Lynch be dismissed and that the Court grant such other and further relief as it deems just and proper.

_____
FRED SEILER

Sworn to me this 25th day of October 2007

_____
NOTARY PUBLIC

ROCHELLE R. RETLEFF
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RE6053088
Qualified in Westchester County
My Commission Expires January 02, 2011