UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SPACE AGE ALARMS, INC., <br><br> Plaintiff, <br><br> – against – <br><br> THE BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT, MICHAEL J. LYNCH AND ALARM SPECIALISTS, INC. <br><br> Defendant. | Case No.: <br><br> 07-CV-7606 (CLB)(MDF) <br><br> VERIFIED ANSWER and AFFIRMATIVE DEFENSES |

Defendants, the BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT (hereinafter referred to as "School District") and MICHAEL J. LYNCH, by their attorneys, Ingerman Smith, L.L.P., as and for its Verified Answer to the Verified Cross-Claim of Defendant Alarm Specialists, Inc. (hereinafter referred to as "ASI") (dated October 25, 2007), alleges as follows:

1. Defendants deny the allegations set forth in paragraphs 24 and 25 of the Verified Cross-Claim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

2. The within claims are barred because ASI failed to serve a notice of claim upon the School District and Lynch.

1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

3. The within claims are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

4. ASI fails to state a claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

5. If ASI has been damaged as alleged, which is expressly denied, then said damage was caused solely by virtue of the conduct of others over whom the School District and Lynch exercises no control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

6. If any damages have been sustained by ASI, which damages are expressly denied, then all such damages will have been caused or brought about in whole or in part by the wrongdoing, fault, poor business judgment, negligence or failure of due care of ASI and/or Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

7. The Defendant School District and Lynch have complied with their contractual obligations to Plaintiff. Hence, any alleged damages suffered by ASI are unrelated to the Defendants' performance of their obligations under the contract.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

8. The conduct of the School District and Lynch was not the actual or proximate cause of damages sustained by any party.

9. ASI's damages were caused by others including, ASI or Plaintiff.

10. ASI's damages were proximately caused by others including, ASI's and Plaintiff's contributory fault and negligence.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

11. The damages suffered by ASI and Plaintiff, if any, are the result of the negligence of ASI and ASI's failure to use reasonable diligence in performing the acts required of ASI.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12. The Cross-Claim fails to plead with sufficient particularity any facts or details to give the Court and Defendants, notice of transactions, occurrences, or series of occurrences or transactions, intended to proven and the material elements of each claim for relief as required by the Federal Rules.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13. ASI's claims are barred, in whole or in part, by the laches, the doctrine of waiver and/or estoppel.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

14. Defendants at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

15. Defendant all times complained of acted solely pursuant to their duties and responsibilities and in particular Michael Lynch as the Director of Facilities and Operations.

16. Defendants at all times complained of, acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

17. That in performing such duties and responsibilities, Defendants are and were protected by absolute and/or qualified Federal and/or State immunities.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. The Cross-Claim fails to set forth facts sufficient to constitute a deprivation of any Constitutional rights or other basis for a claim under 42 U.S.C. §1983 or any other civil rights claims.

19. There is no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by Defendants or otherwise ratified by Defendants which authorized a deprivation of Plaintiff's or ASI's Constitutional rights.

20. There is no custom or usage adopted, followed endorsed or ratified by Defendants which authorized a deprivation of Plaintiff's or ASI's Constitutional rights.

**WHEREFORE**, the Defendant School District and Lynch demand judgment as follows:

a. dismissal of the ASI's Cross-Claim in its entirety; and

      b.      against the ASI for the costs and disbursements associated with the Defendants' defense of this action including reasonable attorneys' fees and associated litigation costs; and

      c.      for such other and further relief which as to this Court may appear just and proper.

Dated:      Hauppauge, New York
October 26, 2007

BY: _____
Michael G. McAlvin, Esq.
INGERMAN SMITH, LLP
Attorneys for Defendants
WHITE PLAINS CITY
SCHOOL DISTRICT and
MICHAEL LYNCH
150 Motor Parkway, Suite 400
Hauppauge, New York 11788
(631) 261-8834

To:    Leroy Wilson, Jr., Esq.
Wilson Jacobson, P.C.
Attorneys for Plaintiff
SPACE AGE ALARMS, INC.
The Inns of Court Building
99 Court Street, Suite 2
White Plains, New York 10601
(914) 997-0825
Fax: (914) 994-0830

Hugh G. Jasne, Esq.
Jasne & Florio, L.L.P.
Attorneys for Defendant
ALARM SPECIALISTS, INC.
525 North Broadway
White Plains, New York 10603
(914) 997-1212
Fax: (914) 682-8692

## Verification

MICHAEL G. McALVIN being duly sworn, deposes and says:

I am associated with the law firm of INGERMAN SMITH, L.L.P., attorneys for Defendants Board of Education of the White Plains City School District and Michael J. Lynch in the within action.  I have read the foregoing Verified Answer to the Cross-Claim and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.  This verification is made by me because the School District is a municipal corporation and as such anyone having knowledge of the facts may so verify.  The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Books, records, papers and documents of the Defendant School District and Michael J. Lynch.

_____

MICHAEL G. McALVIN, ESQ.

Sworn to before me this
26th day of October 2007

_____
Notary Public

MARILYN J. PERULLO
Notary Public, State of New York
No. 01PE6058470
Qualified in Suffolk County
Commission Expires May 14, 20 11