Wilson Jacobson, P.C.
The Inns of Court Building
99 Court Street
Suite 2
White Plains, New York 10601-4264
(914) 997-0825
FAX (914) 997-0830

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**SPACE AGE ALARMS, INC.,**

Plaintiff

-against-

## THE BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT , MICHAEL J. LYNCH AND ALARM SPECIALISTS, INC.

Defendants.

---

**File No. 07 CV 7606(CLB) (MDF)**
**ECF CASE**

**WILSON DECLARATION**
**PURSUANT TO**
28 U.S.C. §1746

**LEROY WILSON, JR.** declares under penalty of perjury that the following is true and correct.

1. Pursuant to the advertisement for bids dated 2:00 P.M. FRIDAY, May 18, 2007, on or about June 11, 2007 The Board Of Education Of The White Plains City School District (the "Board") awarded Plaintiff two contracts pursuant to Bid #2006-15 and Bid #2007-16, to provide monitoring & maintenance of fire alarm systems and security alarm systems respectively. See Verified Complaint, ¶¶ 15 and 16.

2. From the very beginning, the Defendants Board and Lynch (the "Municipal Defendants") and Defendant Alarm Specialists, the losing outgoing contractor, refused to provide the Plaintiff with the **access codes** and the related information so that it could access the

fire and security alarm systems to do the work. See Verified Complaint, ¶¶ 8, 18-22, 26, and 29

– 44.

3. On or about July 19, 2007 Defendant Lynch wrote to Plaintiff with respect to the fire

alarm and security alarm contracts:

> Dear Mr. Johnson:
> In response to the fact that you have not switched over the communicators
> to your company, we find you in default of the monitoring contract for the
> burglar and fire alarm systems. We are recommending at the August 6
> school board meeting that the contract with your firm be terminated.
> We also wish to inform you that due to a bid error on our part we will be
> re-bidding the *maintenance* portion of the burglar and alarm systems.

See Verified Complaint, ¶25.

3. On August 6, 2007 the Board had placed on its agenda Item VI. – 3.

"Recommended approval to terminate the bid award to Space Age

Alarms." A copy of the Agenda is annexed to the Verified Complaint as Exhibit "1".

4. On August 6, 2007 as Space Age's counsel, I faxed and sent a letter by

email to Michele Schoenfeld, the Clerk of the Board, requesting an opportunity to speak

in opposition to this action. I also requested a copy of the documents that the Board's

presenter would use to support his recommendation that the bid award be terminated, so

that I would know the precise charges that we would be required to meet. A copy of

Wilson letter to Schoenfeld dated August 6, 2007 is annexed to the Verified Complaint

as Exhibit "2".

5. The Clerk did not respond to my letters.

6. I appeared at the August Board meeting, and before the meeting, gave the

Clerk a copy of a letter addressed to the Board members dated August 6, 2007 with

enclosures to give to each of the Board members. A copy of Wilson letter to the Board

members dated August 6, 2007 (without exhibits) is annexed to the Verified Complaint as Exhibit "3".

7.      Before the Board meeting, Mr. Fred Seiler who introduced himself as the Assistant Superintendent for Business for the District, told me that he wanted to work things out but that he had not been able to contact the District's counsel.

8.      At that time, Mr. Seiler told me that at the meeting the item concerning the termination of the Plaintiff contracts would be tabled.

9.      I addressed the Board and told the Board members and told them that I understood that the matter would be tabled, and again (a) requested of the Board the documents upon which they were going to make a decision, (b) asked to be informed of the adjourned date for the consideration of this item, and (c) asked them to read and review the documents that I had included in the package for each of them that I had delivered to the Clerk earlier in the evening just before the meeting.

10.     After my brief appearance, Board member who I later learned is Superintendent Connors told me that the matter had been tabled. I later received a letter from Defendant Board's counsel (Mr. McAlvin) that the matter had been tabled.

11.     A videographer was present who recorded my statements to the Board members.

12.     Within 2 days after that meeting, to wit, on August 8 and August 9th, the Journal News, which covers White Plains, published legal notices re-advertising a "Notice to Contractors" requesting bids for the services to provide monitoring & maintenance of fire alarm systems and security alarm systems for the school district. A copy of each of these notices is annexed to the Verified Complaint as Exhibit "4".

13.    In my experience, before a newspaper publishes legal notices, it requires

its customer to submit the proposed item so that they can set it, and then have the

customer review the same before final publication.

14.    The notices provide that the bids would "be received by the Board of

Education of the City of White Plains, New York at the office of the Board of

Education, 5 Homeside Lane, White Plains, New York until 2:00 PM, Friday, August

24, 2007 at which time and place the proposals will be publicly opened and read."

15.    These notices were placed by Defendant Lynch.

16.    There followed a series of letters to and from the Board's counsel and me

as I attempted to learn what was happening in light of the fact that the placement of

these notices in the Journal News so soon after the meeting contradicted what Mr.

Seiler, Mr. Connor and the Board's counsel had communicated to me that the Board had

tabled its decision to take action terminating it's contracts with the Plaintiff.

17.    On August 10, 2007, I again wrote a letter to Ms. Schoenfeld, the Clerk

of the Board, asking for an explanation of the reason for the notices in light of the fact

that the Board had tabled its action on whether or not Space Age's contracts for the

same services should be terminated. A copy of the August 10, 2007 letter from Wilson

to Schoenfeld is annexed to the Verified Complaint as Exhibit "5".

18.    Copies of the exchange of letters between me and Ingerman Smith LLP,

counsel for the Defendant Board are annexed hereto as Exhibit "6[1]".

19.    A copy of my letter to Alarm Specialists dated on or about August 22

2007 is annexed hereto as Exhibit "7".

---

[1] The first 5 exhibits referenced in this declaration are annexed to the Verified Complaint. I use the next exhibit numbers, 6 and 7, in this declaration in order to avoid confusion (I hope).

4

20.    The Municipal Defendants misled Plaintiff into thinking that it would

have an opportunity for a full and fair hearing on the termination of its contracts at an

adjourned date. They, along with Defendant Alarm Specialists, refused to provide the

Plaintiff with the access codes and related information that it needed to perform the

contracts. Instead, they were scheduled to re-let the contracts on, August 24, 2007.

While waiting to be notified of the adjourned date of the August 6 hearing, Defendant

Board's counsel (Mr. McAlvin) told me that he did not know anything about how the

notice for new bids appeared while this matter was in fact tabled. I believed him then

and still do now.

Leroy Wilson, Jr.

Executed at    White Plains, NY
               November 30, 2007

5

EXHIBIT "6"

## WILSON JACOBSON, P.C.
ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

LEROY WILSON, JR.
ATTORNEY AT LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY, CT and DC Bars

### By email to mmcalvin@ingermansmith.com and by FACSIMILE TO 914-777-1955

August 14, 2007

Michael G. McAlvin, Esq.
Ingerman Smith, LLP
550 Mamaroneck Avenue
Suite 209
Harrison, New York 10528

Re:    Space Age Alarms, Inc./White Plains Board of Education

Dear Mr. McAlvin:

Thank you for calling me on this matter.

I appreciate your offer to help me with my inquiries to the Board.

I am looking forward to a full, specific, comprehensive and complete written response from you
to my letters to the Members of the Board dated August 6, 2007 and my letter to Ms. Schoenfeld
dated August 10, 2007. In addition, with respect to the latter, you told me that you do not know
how the notice appeared after the matter was tabled. I would request that you find out and let me
know in your response.

Very truly yours,

/S/    *Leroy Wilson Jr.*

Leroy Wilson, Jr., Esq.
President

LWJr/rj

## WILSON JACOBSON, P.C.
ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

LEROY WILSON, JR.
ATTORNEY AT LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY, CT and DC Bars

## BY FACSIMILE TO 631-261-0523 AND BY EXPRESS MAIL # ED 334500445 US

# URGENT

August 22, 2007

Michael G. McAlvin, Esq.
Ingerman Smith, LLP
150 Motor Highway
Suite 400
Hauppauge, New York 11788

Ref.-August 6, 2007 Agenda Item VI-3- Space Age Alarms, Inc.

Dear Mr. McAlvin:

I enclose a copy of Addenda for Bid # 23 and Bid # 2007-24 that my client received a

few minutes ago from Mr. Lynch.

This indicates that he intends to go forward with re-letting the contracts for fire alarm and

security alarm services, even though the contract with Space Age has not been properly

cancelled.

Please let me know in writing within **24 hours** if this is the case.

If it is it would seem to me that Space Age would be reluctantly compelled to commence

an appropriate legal proceeding in state or federal court.

In a few minutes, I will send you a second fax with a 12- page analysis of Space Age's

concerns and issues. I had already packaged the 12-page fax to send by Express Mail so you will

receive that hard copy tomorrow.

Very truly yours,

Leroy Wilson Jr., Esq.
President
LWJr/rj

2

WILSON JACOBSON, P.C.
ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

LEROY WILSON, JR.
ATTORNEY AT LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY, CT and DC Bars

### BY FACSIMILE TO 631-261-0523 AND
### BY EXPRESS MAIL # ED 334500445 US BY

# URGENT

August 22, 2007

Michael G. McAlvin, Esq.
Ingerman Smith, LLP
150 Motor Highway
Suite 400
Hauppauge, New York 11788

Ref.-August 6, 2007 Agenda Item VI-3- Space Age Alarms, Inc.

Dear Mr. McAlvin:

Thank you for your letter to me dated August 14, 2007.

As you know, we represent Space Age Alarms, Inc. ("Space Age" or "Johnson") with

respect to this matter.

I thank you for your offer to help us resolve the issues that have arisen in connection with

the contracts for monitoring the fire and security systems for the White Plains School District.

Your letter responds in a somewhat summary fashion to the issues that we raised in our

August 6 letter to the Board members, my letter to Ms. Schoenfeld dated August 10, 2007 and

my follow-up letter to you dated August 14, 2007. It does not specifically address Mr. Johnson's

concerns as I expressed in those letters. I thought it might be helpful to provide you with a

chronology of events and to ask you to answer specific questions. I request the answers to the 16

questions I ask below. I note that in the exchange of letters you sent to me, you did not include the exchange between Space Age and Alarm Specialists, Inc. ("Alarm Specialists"), the outgoing contractor. I include those 2 of those letters with this letter as I had included them in the package of documents that I delivered to the Board members on August 6, 2007. I had requested that you review that package, but I think you might not have had time.

You have copies of the other letters that I refer to, since they are identical to the ones that I received from you.

We would like to resolve this matter amicably and believe that it should be resolved with the Board enabling Space Age to do the work for which it contracted. It is in that spirit that I have taken the time to write out Space Age's concerns and questions in one document.

The fundamental problem seems to be that the outgoing contractor-Alarm Specialists, Inc. - has to date refused to give Space Age the various **access codes** to the fire alarm and security alarm systems that the Board has selected Space Age to monitor and maintain. Alarm Specialists placed a lock-out on the **access codes**, on the apparent theory that it owns the security control panels, fire communicator panels, and radio communicators along with a select number of control pads. It relies on "the bid documents" to say that this equipment and the software for these systems belong to Alarm Specialists. See letter dated July 24, 2007 from Alarm Specialists, Inc. to Mr. Claude Johnson.

On the other hand, the "NOTE:" on page 26 of the Bid # 2007-16 Security Systems makes clear that "Installed key pads/communicators are the property of the school district." That note does not cover who owns the "security control panels, fire communicator panels, and radio communicators along with a select number of control pads" that Alarm Specialists refers to.

2

**MCALVIN QUESTION #1:** Is Alarm Specialists correct when it says that it "owns the security control panels, fire communicator panels, and radio communicators along with a select number of control pads?"

**MCALVIN QUESTION #2:** Who owns the **access codes** for the fire and security systems?

**MCALVIN QUESTION #3:** What assistance can the Board give to Space Age to secure the **access codes**?

Space Age cannot do any of the work unless it has these **access codes**.

On or about June 4, 2007, Space Age Alarms, Inc. (Johnson) wrote a letter to Mr. Michael J. Lynch, Director School Facilities and Operations for the White Plains Board of Education ("Lynch") saying:

> "During our walk-thru at the Church Street and George Washington's
> Schools you indicated that existing Burglary Alarm Panel (Ademco/Honeywell)
> Access Control Devices and Fire Alarm Panel/Communicators
> Ademco/Honeywell and Silent Knight) including all burglary and fire alarm
> component devices is and remains the property of the school district. As for the
> newly installed keypad at some schools by the current security company, I am
> somewhat confused, unless the old keypad belonging to the district was in need of
> replacement and was authorize[d] being replaced by the district, then it seems this
> matter can be resolved through direct precise communication.
>
> In any event, we will need **access codes** for each burglar, fire, access
> control system with telephone numbers, in order that we input our monitoring
> data. The existing systems operation program and user code should remain."

(Emphasis added)

On or about June 6, 2007 Lynch responded to Space Age that:

"Your fax letter, dated June 4, 2007, would seem to indicate you seem to believe there is some verbal understanding, separate from the bid documents regarding the required performance of Space Age Alarms. Please be advised of the following:

The bid documents clearly state in the monitoring and maintenance of security alarm systems and fire alarm systems, the bidder shall provide new keypad and communicator devices including the radio backup.

**MCALVIN QUESTION #4:** Where does this statement appear in the Bid 2007-15 covering the fire alarm systems?

Mr. Lynch continues in his June 6, 2007 letter:

I am sure you know from your required site visits, some schools have multiple independent security systems, some schools have integrated access systems and some have independent access systems. Some schools have Edwards fire panels, others have Honeywell fire panels and our high school has a Siemen's fire panel. In all cases, you are required to maintain the hardware and software for all these systems, including our emergency telephones and elevators and freezer alarms. The security contract is inclusive of all programming changes, including adding, modifying or deleting *user codes* and key fobs. The bid documents clearly specify, that the bidder must supply all labor, materials and parts to monitor and maintain these systems, no exceptions other than those listed. I have no

4

agreement, written or verbal with any of our current vendors to require hardware or software support for other vendors.

I believe the White Plains *Building Department* requires permits for the installation and replacement of fire communication equipment, if so, please obtain them. Can you please forward to me *certification* that your technicians are factory authorized for maintaining these different fire control panels?"

(Emphasis added)

**MCALVIN QUESTION #5:** Where does Mr. Lynch's response address Space Age's need for the **access codes**?

**MCALVIN QUESTION #6:** Did Mr. Lynch mean to refer to the Fire Department and not the Building Department?

**MCALVIN QUESTION #7:** Where is the specific reference in the contract documents that require Space Age to provide Mr. Lynch with

"...*certification* that your technicians are factory authorized for maintaining these different fire control panels?" (Emphasis Added)

On or about June 18, 2007 Lynch notified Space Age that the Board had approved a contract to Space Age pursuant to bid number 2006 [sic] -15: MONITORING AND MAINTENANCE OF FIRE ALARM SYSTEMS at its June 11, 2007 board meeting.

Also on or about June 18, 2007 Lynch notified Space Age that the Board had approved a contract to Space Age pursuant to bid number 2007-16: MONITOR AND MAINTENANCE OF SECURITY ALARM SYSTEMS at its June 11, 2007 board meeting.

On or about June 20, 2007 Space Age wrote to Lynch saying, among other things, the following:

"As stated previously, we will need **access codes** to those systems belonging to the school district in order for us to input our monitoring data. Thereafter all necessary programming changes such as adding or deleting user codes and key jobs [sic] would be no problem. As a security company we are New York state license to install, service or maintain security and fire alarm systems."

We are also one of the very few in Westchester County, UL certified installation security company that maintain trained personnel.

As a New York State license UL certified company federal, state and local code compliances must be followed at all times."

(Emphasis added)

On or about July 7, 2007 Space Age wrote to Mr. Lynch again saying that it would like to input its monitoring data into the existing burglary and fire alarm school district account.

In the July 7, 2007 letter Space Age Alarms stated:

"Please provide us the following information for each site:

1.    Premise phone numbers.

2.    Premise code or password.

3.    Contract call list order with name and telephone and flash and/or cell phone numbers.

4.    Any special instructions or requests you may have."

On or about July 12, 2007 Space Age Alarms wrote Lynch again saying that it had not received the information that it requested in its letter dated July 7, 2007.

The July 12, 2007 letter stated further:

"As you may recall in my letter dated June 4, 2007 in order for this transition process to be implemented we would need necessary access to reprogram our data in all the district security systems. On Wednesday, July 7, 2007 around 8:30 to 9:00 a.m. I call alarm specialists on behalf of the school district regarding this issue. In speaking to Stephanie and in sharing my purpose of calling she did say that most recently that Gary one of the company's principals had requested that she program lockout access to all of the district security systems."

On or about July 13, 2007 Phyllis Paul of the White Plains City School District faxed to Space Age a document which said: "As requested. Attached is a copy of the security codes."

In fact this was not a copy of the security codes, they were **user codes**.

**MCALVIN QUESTION #8:** Was there some confusion on Ms. Paul's part as to the difference between **user codes** and **access codes?**

On or about July 19, 2007 Lynch wrote to Space Age Alarm with respect to the fire alarm and security alarm contracts:

"Dear Mr. Johnson:

In response to the fact that you have not switched over the communicators to your company, we find you in default of the monitoring contract for the burglar

7

and fire alarm systems. We are recommending at the August 6 school board meeting that the contract with your firm be terminated.

We also wish to inform you that due to a bid error on our part we will be re-bidding the *maintenance* portion of the burglar and alarm systems."

Without the **access codes** Space Age cannot communicate with the installed systems. Additionally, Mr. Lynch does not spell out what the error is.

In addition, by limiting the new bid to *maintenance* Mr. Lynch suggests that the district is going to continue to use the hardware that is in place. A reasonable inference would be that the Board intends to continue to use the old contractor.

**MCALVIN QUESTIONS #9 and 10:** Would you kindly send us a copy of the new language so we can see what the error is? How did Mr. Lunch discover the error?

On or about July 19, 2007 Space Age wrote to Mr. Gary Davis' Alarm Specialists with respect to the White Plains School District security systems. Alarm Specialists had been the prior fire alarm and security monitoring and maintenance contractor for 11 years.

Space Age wrote:

"Dear Mr. Davis:

Since we are experiencing difficult connecting via telephone, on behalf of the White Plains School District as its newly approved security company, I am requesting that you DISABLE the most recently programmed local access lockout from all of the district security (burglar and fire alarm communicator) systems. The access lockout have been verified by our attempt to access programs and by Stephanie of your office during telephone call to you on July 11, 2007.

8

Thanks so very much in addressing this issue and would you kindly advise

the district or us in order that we may begin the transitional process of

programming our monitoring data within the various systems.

On or about July 24, 2007 Space Age wrote a letter to the White Plains school board members transmitting Mr. Lynch's July 19, 2007 letter and also letter dated July 24, 2007 which was a reply from the school district's current security company dated July 24, which was in response to Space Age's letter to them dated July 19, 2007.

In the July 24, 2007 letter Space Age stated to the board members:

"In order that we implement the service we are contracted to perform its

required that we have access capability to all of the district's security systems.

Local access lockout must be disable."

The July 24, 2007 letter from Space Age to the members of the board stated:

"Should the district encounter problem in having the local lockout

disabled by current security company, then it may very well be necessary to swap

out the current system's control panels/keypads with new compatible ones at an

additional cost to the district. In any event we will assist and do whatever's

necessary in maintaining the district's security service."

The letter that Space Age referred to is a July 24, 2007 letter from Alarm Specialists, Inc. That letter was from Gary Davis with respect to the White Plains School District security system.

It read as follows:

"The security control panels, fire communicator panels, and radio

communicators along with a select number of control pads were supplied,

9

installed and programmed at our expense. Therefore as indicated in the bid

documents, this equipment, including the software for these systems are the

property of Alarm Specialists, Inc.

The White Plains Fire Department is currently aware of the change in fire

communication equipment and is now waiting for the appropriate paperwork

'regarding [?]' your equipment. I have instructed my office to invoice the district

for the month of July and August (required notice cancellation has expired).

Please let me know if there is any other information that you require."

Mr. Davis did not point to any specific provision in the bid documents which gave

ownership rights in the foregoing equipment including the software for those systems as being

the property of Alarm Specialists, Inc.

**MCALVIN QUESTIONS #11, 12 AND 13:** Is Alarm Specialists correct that they own

all the equipment and software? If so, how did they acquire this ownership? Drawing an analogy

to the present security alarms contract, we ask how they can own "security control panels" when

Bid #2007-15 says on page 24:

"NOTE: No modifications to the system may be made by the successful bidder without
prior approval of the director of facilities and Operations. Installed key pads/communicators are
the property of the School District.

**MCALVIN QUESTION #14:** What is the Board's role with respect to making this

equipment and software available to any succeeding contractor's access?

On July 25, 2007 Space Age wrote a letter to Mr. Davis [at Alarm Specialists] which

pointed out that bid number 2007-16 stated:

"Bid number 2007-16 Monitoring and Maintenance of Security Alarm

Systems the beginning paragraph page number 25.

1.   It is the intention of this specification to include all labor, material
     and equipment to provide a one-year maintenance contract for the
     security alarm systems located in various school district sites.

2.   Last paragraph, page number 26. Note no modifications to the
     system may be made by the successful bidder without prior
     approval of the Director of Facilities and Operations. *Installed
     keypad/communicators are the property school district."

The letter concludes with a query of Mr. Davis asking if he was saying that before Alarm
Specialists began servicing the district there were no existing security panels or keypads.

**MCALVIN QUESTION #15:** Is it true that before Alarm Specialists began servicing
the district there were no existing security panels or keypads?

Space Age copied the board members and Mr. Lynch on the July 25, 2007 letter to Mr.
Davis.

He never received a response from this or any of his other letters from the Board.

On July 30, 2007 Mr. Davis wrote a letter to Space Age saying:

"Dear Mr. Johnson,

Please let me clarify, my letter was not a comparison of previous contracts
to this one. The bid documents have stated that the vendor needed to provide the
communicator devices, including radio backup. Either way I am not going to
debate this issue any further.

Best regards, Gary Davis, Vice President."

On July 31, 2007 Space Age wrote a letter to Lynch, which stated, in part:

"Mr. Lynch,

11

You as Director of School Facilities and Operations have done very little in assisting us through the transition process of removing access lockout from the various security alarm systems of bid number 2007-16.

Until you or the members advise us that the local lockout have been disabled or advise us to swap out the current security alarm system/keypads per my letter dated July 24, 2007, we cannot provide any service nor will we begin the installation of new radio backup systems or digital communicators for monitoring the existing fire alarm systems per bid number 2007-15."

Mr. McAlvin, on August 6, 2007, I requested the following: "In addition, with respect to the latter, you told me that you do not know how the notice appeared after the matter was tabled. I would request that you find out and let me know in your response." I therefore ask again:

**MCALVIN QUESTION #16:** How did the legal notice re-letting the bids appear in the newspapers after the matter was tabled on August 6th?

I had raised this question in my August 10, 2007 letter to Ms. Schoenfeld. She did not respond.

I would greatly appreciate it if you would take the time to answer each and every one of the above questions.

Finally, for the foregoing reasons, Space Age rejects the claim stated in the letter dated August 3, 2007 from Mr. Lynch for $3,471.80 for spoiled food. In my opinion this claim should be directed to Alarm specialists or the loss should be absorbed by the School Board.

Very truly yours,

Leroy Wilson, Jr., Esq.
President
LWJr/rj

12

# Alarm Specialists, Inc.

Date:        July 24, 2007

To:          Mr. Claude Johnson
             Space Age Alarms, Inc.
             222 North 5th Avenue
             Mount Vernon, NY 10550

From:        Gary Davis, Alarm Specialists, Inc.

Re:          White Plains School District Security Systems

Dear Mr. Johnson,

The security control panels, fire communicator panels, and radio communicators, along with a select number of control pads were supplied, installed and programmed at our expense. Therefore as indicated in the bid documents, this equipment, including the software for these systems are the property of Alarm Specialists, Inc.

The White Plains Fire Department is currently aware of the change in fire communication equipment and is now awaiting the appropriate paperwork regarding your equipment. I have instructed my office to invoice the district for the months of July and August (required notice cancellation has expired for August). Please let me know if there is any other information that you require.

Best regards,

Gary Davis
Vice-President

Cc: White Plains Facilities Department

Corporate Office
303 Old Tarrytown Road • White Plains, New York 10603
Phone: 914.946.1998 • 203.622.6999    Fax: 914.227.9123
Federal Fire Alarm & Security, Inc. • SECURITY



# Alarm Specialists, Inc.

Date:        July 30, 2007

To:          Mr. Claude Johnson
             Space Age Alarms, Inc.
             222 North 5th Avenue
             Mount Vernon, NY 10550

From:        Gary Davis, Alarm Specialists, Inc.

Re:          White Plains School District Security Systems

Dear Mr. Johnson,

Please let me clarify, my letter was not a comparison of previous contracts to this
one.

The bid documents had stated that the vendor needed to provide the communicator
devices, including radio back-up. Either way, I am not going to debate this issue
any further.

Best regards,

Gary Davis
Vice-President

Cc: White Plains Facilities Department

Corporate Office
333 Old Tarrytown Road • White Plains, New York 10603
Phone: 914.946.1998 • 203.622.6999   Fax: 914.227.9123
Care yer The Ays. I. S:FSAM SECURITY

## WILSON JACOBSON, P.C.
ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

LEROY WILSON, JR.
ATTORNEY-AT-LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY, CT and DC Bars

## BY FACSIMILE TO 631-261-0523 AND BY EXPRESS MAIL # ED 334500445 US

# URGENT

August 22, 2007

Michael G. McAlvin, Esq.
Ingerman Smith, LLP
150 Motor Highway
Suite 400
Hauppauge, New York 11788

Ref.-August 6, 2007 Agenda Item VI-3- Space Age Alarms, Inc.

Dear Mr. McAlvin:

I enclose a copy of Addenda for Bid # 23 and Bid # 2007-24 that my client received a

few minutes ago from Mr. Lynch.

This indicates that he intends to go forward with re-letting the contracts for fire alarm and

security alarm services, even though the contract with Space Age has not been properly

cancelled.

Please let me know in writing within **24 hours** if this is the case.

If it is it would seem to me that Space Age would be reluctantly compelled to commence

an appropriate legal proceeding in state or federal court.

In a few minutes, I will send you a second fax with a 12- page analysis of Space Age's

concerns and issues.  I had already packaged the 12-page fax to send by Express Mail so you will

receive that hard copy tomorrow.

Very truly yours,

Leroy Wilson, Jr., Esq.
President
LWJr/rj

LAW OFFICES

# INGERMAN SMITH, L.L.P.

DANIEL GREENBERG
JOHN H. GROSS
WARREN H. RICHMOND, III
JONATHAN HEIDELBERGER
LAWRENCE W. REICH
ANNA M. SCRICCA
CHRISTOPHER VENATOR
NEIL M. BLOCK
MARY ANNE SADOWSKI
GUS MOUNTANOS
CHRISTOPHER M. POWERS
SUSAN M. GIBSON
CHRISTOPHER J. CLAYTON
RALPH C. DEMARCO

PERCY INGERMAN
(1936-1994)
BERNARD C. SMITH
(1949-1993)

150 MOTOR PARKWAY, SUITE 400
HAUPPAUGE, NEW YORK 11788
(631) 261-8834

550 MAMARONECK AVENUE, SUITE 209
HARRISON, NEW YORK 10528
(914) 777-1134

AMANDA E. REGISTER*
FRANCES A. KADMAN
SUSAN E. FINE
JULIE A. TORREY
CARRIE-ANNE TONDO**
ANTONIA L. HAMBLIN**
EMILY J. LUCAS***
MICHAEL G. McALVIN***
ALLA BRODSKY***
CHRISTOPHER G. KIRBY
JOSEPH E. MADSEN
NOAH WALKER
KATHRYN C. TONDEL***
FLOYD T. EWING, III
CAROLYN J. PRZYBYLO
LESLIE J. MORSILLO

PETER D. JOHNSON
BOB G. GOLDBERG
Of Counsel

*Also admitted in CA
**Also admitted in CT
***Also admitted in NJ

*-via facsimile transmission-*

August 23, 2007

Leroy Wilson, Jr., Esq.
Wilson Jacobson, P.C.
The Inns of Court Building
99 Court Street, Suite 2
White Plains, New York 10601

Re:    Contract:    White Plains City School District
                    Monitoring and Maintenance of Fire Alarm and
                    Security Alarm Systems
        Contractor:    Space Age Alarms, Inc.

Dear Mr. Wilson:

This firm represents the White Plains City School District (hereinafter "School District") in the above-referenced matter. I am in receipt of each of your letters dated August 22, 2007. Please be advised that it is not my practice to respond to letters which could be construed as self-serving, particularly when litigation has been threatened against my client and it remains a possibility.

Space Age Alarms is referred to the terms and conditions of its contract with the School District and should be guided accordingly.

Very truly yours,

MICHAEL G. McALVIN

EXHIBIT "7"



### WILSON JACOBSON, P.C.
ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

LEROY WILSON, JR.
ATTORNEY AT LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY, CT and DC Bars

## BY FACSIMILE TO 914-227-9123 AND BY EXPRESS MAIL # ED 334500454 US

August 22, 2007

Mr. Gary Davis
Vice-President
Alarm Specialists, Inc.
333 Old Tarrytown Road
White Plains, New York 10603

Re: Space Age Alarms, Inc.

Dear Sir:

We represent Space Age Alarms, Inc. in connection with its existing contracts with the White Plains School Board to supply fire and security maintenance and monitoring services under bid contracts 2006-16 and 2007-15.

I have reviewed the exchange of correspondence between you and Mr. Johnson with respect to his request that you turn over the access codes to him and disable the lock that you have placed on the various systems so that he can fulfill the terms of his contract.

As far as I can tell you assert ownership rights in certain hardware and software properties that you used to maintain these systems for the past 11 years.

Clearly you know that the Board awarded these contracts to Space Age and that Space Age could not perform these contracts using the existing systems unless you provided it with the relevant access codes.

You apparently rely on "the bid documents" to say that this equipment and the software for these systems belong to Alarm Specialists. In particular, on July 24 you wrote to Space Age that:

> The security control panels, fire communicator panels, and radio communicators along with a select number of control pads were supplied, installed and programmed at our expense. Therefore as indicated in the bid

documents, this equipment, including the software for these systems are the property of Alarm Specialists, Inc.

For your information, I inform you that on or about August 3, 2007, Mr. Lynch made a claim on behalf of the Board against Space Age for $3,471.80 for the loss of food due to a freezer outage at the Highlands Middle School. I am enclosing a copy of that claim and hereby demand that you pay it. You may rest assured that if the Board elects to bring a legal action against Space Age to collect this claim, Space Age will make a claim over against Alarm Specialists.

Would you kindly discuss this matter with your attorney and provide the specific language of any document that you rely upon to say that Alarm Specialists owns this property?

Please also let me know what right you have to retain the access code information.

Very truly yours,

Leroy Wilson, Jr., Esq.
President

LWJr/rj

cc: Michael G. McAlvin, Esq. via **EXPRESS MAIL # ED 334500445 US**

2

9146849052

## WHITE PLAINS PUBLIC SCHOOLS
### EDUCATION HOUSE
### FIVE HOMESIDE LANE
### WHITE PLAINS, NEW YORK 10605
### 914-422-2050

MICHAEL J. LYNCH
DIRECTOR OF SCHOOL FACILITIES AND OPERATIONS

STEVEN LEWIS
ASSISTANT DIRECTOR OF SCHOOL FACILITIES AND OPERATIONS

August 3, 2007

Mr. Claude Johnson, President
Space Age Alarms, Inc.
222 North 5th Avenue
Mt. Vernon, NY 10550

Re:  Highlands Middle School Freezer Alarm Malfunction

Dear Mr. Johnson:

Enclosed please find a list of frozen foods that were lost due to the freezer outage at the Highlands Middle School. This loss was incurred because the high temperature freezer alarm never off to alert anyone that we were in danger of losing this food.

Please reimburse the White Plains School Food & Nutrition Program in the amount of $3,471.80 for the loss incurred.

Sincerely,

Michael J. Lynch
Director, School Facilities and Operations

pjp
enc.
cc:    Mr. Fred Seller (w/o encl.)

L:\Facilities & Operations\Bids\2007-2008 Annual Service Bids\Security Alarm Systems\Highlands Freezer Alarm Malfunction.doc

Page 1 of 1    TR: AUG 17, 10:30AM

Wilson Jacobson, P.C.
The Inns of Court Building
99 Court Street
Suite 2
White Plains, New York 10601-4264
(914) 997-0825
FAX (914) 997-0825

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SPACE AGE ALARMS, INC.,**

Plaintiff

-against-

**THE BOARD OF EDUCATION OF THE WHITE**
**PLAINS CITY SCHOOL DISTRICT , MICHAEL**
**J. LYNCH AND ALARM SPECIALISTS, INC.**

Defendants.

**File No.  07-CV-7606 (CLB)(MDF)**
ECF CASE

**CERTIFICATE AND**
**AFFIRMATION OF**
**SERVICE**

**Leroy Wilson, Jr., Esq.** of Wilson Jacobson, P.C. attorney
for Plaintiff herein, duly admitted to practice law in the
State of New York, hereby affirms under penalties of
perjury and hereby certifies that on the date set forth
below, she served the below described papers upon the below
listed person(s) at the address (es) listed below by
mailing to them a true copy of said papers by regular first
class mail, postage prepaid, in a sealed envelope at a
depository maintained by the U.S. Postal Service within the
City of White Plains, New York.

Papers served:

1.  JOHNSON AFFIDAVIT IN OPPOSITION TO THE
    BOARD AND LYNCH'S MOTION TO DISMISS

2.  WILSON DECLARATION PURSUANT TO 28 U.S.C.
    §1746

3.  PLAINTIFF'S MEMORANDUM OF LAW IN
    OPPOSITION TO DEFENDANTS BOARD OF
    EDUCATION OF THE WHITE PLAINS CITY
    SCHOOL DISTRICT AND MICHAEL J. LYNCH'S
    MOTION TO DISMISS

Persons served:

Michael G. McAlvin, Esq.                Hugh G. Jasne, Esq.
Ingerman Smith, LLP                     Jasne & Florio, L.L.P.
Attorneys for Municipal Defendants      Attorneys for Defendant Alarm Specialists,
150 Motor Parkway                       Inc.
Suite 400                               525 North Broadway
Hauppauge, New York 11788               White Plains, NY 10603
1-631-261-8834                          1-914-997-1212

Date Mailed: November 30, 2007
Dated:    November 30, 2007

_____
Leroy Wilson, Jr.

Wilson Jacobson, P.C.
The Inns of Court Building
99 Court Street
Suite 2
White Plains, New York 10601-4264
(914) 997-0825
FAX (914) 997-0830

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

**SPACE AGE ALARMS, INC.,**

Plaintiff

-against-

**THE BOARD OF EDUCATION OF THE WHITE**
**PLAINS CITY SCHOOL DISTRICT , MICHAEL**
**J. LYNCH AND ALARM SPECIALISTS, INC.**

Defendants.

_____

**File No. 07 CV 7606(CLB) (MDF)**
**ECF CASE**

**WILSON DECLARATION**
**PURSUANT TO**
28 U.S.C. §1746

**LEROY WILSON, JR.** declares under penalty of perjury that the following is true and correct.

1. Pursuant to the advertisement for bids dated 2:00 P.M. FRIDAY, May 18, 2007, on or about June 11, 2007 The Board Of Education Of The White Plains City School District (the "Board") awarded Plaintiff two contracts pursuant to Bid #2006-15 and Bid #2007-16, to provide monitoring & maintenance of fire alarm systems and security alarm systems respectively. See Verified Complaint, ¶¶ 15 and 16.

2. From the very beginning, the Defendants Board and Lynch (the "Municipal Defendants") and Defendant Alarm Specialists, the losing outgoing contractor, refused to provide the Plaintiff with the **access codes** and the related information so that it could access the

fire and security alarm systems to do the work. See Verified Complaint, ¶¶ 8, 18-22, 26, and 29

– 44.

     3.    On or about July 19, 2007 Defendant Lynch wrote to Plaintiff with respect to the fire

alarm and security alarm contracts:

> Dear Mr. Johnson:
> In response to the fact that you have not switched over the communicators
> to your company, we find you in default of the monitoring contract for the
> burglar and fire alarm systems. We are recommending at the August 6
> school board meeting that the contract with your firm be terminated.
> We also wish to inform you that due to a bid error on our part we will be
> re-bidding the *maintenance* portion of the burglar and alarm systems.

See Verified Complaint, ¶25.

     3.    On August 6, 2007 the Board had placed on its agenda Item VI. – 3.

     "Recommended approval to terminate the bid award to Space Age

Alarms." A copy of the Agenda is annexed to the Verified Complaint as Exhibit "1".

     4.    On August 6, 2007 as Space Age's counsel, I faxed and sent a letter by

email to Michele Schoenfeld, the Clerk of the Board, requesting an opportunity to speak

in opposition to this action. I also requested a copy of the documents that the Board's

presenter would use to support his recommendation that the bid award be terminated, so

that I would know the precise charges that we would be required to meet. A copy of

Wilson letter to Schoenfeld dated August 6, 2007 is annexed to the Verified Complaint

as Exhibit "2".

     5.    The Clerk did not respond to my letters.

     6.    I appeared at the August Board meeting, and before the meeting, gave the

Clerk a copy of a letter addressed to the Board members dated August 6, 2007 with

enclosures to give to each of the Board members. A copy of Wilson letter to the Board

2

members dated August 6, 2007 (without exhibits) is annexed to the Verified Complaint as Exhibit "3".

7. Before the Board meeting, Mr. Fred Seiler who introduced himself as the Assistant Superintendent for Business for the District, told me that he wanted to work things out but that he had not been able to contact the District's counsel.

8. At that time, Mr. Seiler told me that at the meeting the item concerning the termination of the Plaintiff contracts would be tabled.

9. I addressed the Board and told the Board members and told them that I understood that the matter would be tabled, and again (a) requested of the Board the documents upon which they were going to make a decision, (b) asked to be informed of the adjourned date for the consideration of this item, and (c) asked them to read and review the documents that I had included in the package for each of them that I had delivered to the Clerk earlier in the evening just before the meeting.

10. After my brief appearance, Board member who I later learned is Superintendent Connors told me that the matter had been tabled. I later received a letter from Defendant Board's counsel (Mr. McAlvin) that the matter had been tabled.

11. A videographer was present who recorded my statements to the Board members.

12. Within 2 days after that meeting, to wit, on August 8 and August 9th, the Journal News, which covers White Plains, published legal notices re-advertising a "Notice to Contractors" requesting bids for the services to provide monitoring & maintenance of fire alarm systems and security alarm systems for the school district. A copy of each of these notices is annexed to the Verified Complaint as Exhibit "4".

3

13.    In my experience, before a newspaper publishes legal notices, it requires

its customer to submit the proposed item so that they can set it, and then have the

customer review the same before final publication.

14.    The notices provide that the bids would "be received by the Board of

Education of the City of White Plains, New York at the office of the Board of

Education, 5 Homeside Lane, White Plains, New York until 2:00 PM, Friday, August

24, 2007 at which time and place the proposals will be publicly opened and read."

15.    These notices were placed by Defendant Lynch.

16.    There followed a series of letters to and from the Board's counsel and me

as I attempted to learn what was happening in light of the fact that the placement of

these notices in the Journal News so soon after the meeting contradicted what Mr.

Seiler, Mr. Connor and the Board's counsel had communicated to me that the Board had

tabled its decision to take action terminating it's contracts with the Plaintiff.

17.    On August 10, 2007, I again wrote a letter to Ms. Schoenfeld, the Clerk

of the Board, asking for an explanation of the reason for the notices in light of the fact

that the Board had tabled its action on whether or not Space Age's contracts for the

same services should be terminated. A copy of the August 10, 2007 letter from Wilson

to Schoenfeld is annexed to the Verified Complaint as Exhibit "5".

18.    Copies of the exchange of letters between me and Ingerman Smith LLP,

counsel for the Defendant Board are annexed hereto as Exhibit "6[1]".

19.    A copy of my letter to Alarm Specialists dated on or about August 22

2007 is annexed hereto as Exhibit "7".

---

[1] The first 5 exhibits referenced in this declaration are annexed to the Verified Complaint. I use the next exhibit numbers, 6 and 7, in this declaration in order to avoid confusion (I hope).

4

20.    The Municipal Defendants misled Plaintiff into thinking that it would

have an opportunity for a full and fair hearing on the termination of its contracts at an

adjourned date. They, along with Defendant Alarm Specialists, refused to provide the

Plaintiff with the access codes and related information that it needed to perform the

contracts. Instead, they were scheduled to re-let the contracts on, August 24, 2007.

While waiting to be notified of the adjourned date of the August 6 hearing, Defendant

Board's counsel (Mr. McAlvin) told me that he did not know anything about how the

notice for new bids appeared while this matter was in fact tabled. I believed him then

and still do now.

Leroy Wilson, Jr.

Executed at    White Plains, NY
               November 30, 2007

5