Wilson Jacobson, P.C.
The Inns of Court Building
99 Court Street
Suite 2
White Plains, New York 10601-4264
(914) 997-0825
FAX (914) 997-0830

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————X

**SPACE AGE ALARMS, INC.,**                    **File No. 07 CV 7606(CLB) (MDF)**
                                                              **ECF CASE**
                  Plaintiff

                  -against-


**THE BOARD OF EDUCATION OF THE WHITE**
**PLAINS CITY SCHOOL DISTRICT , MICHAEL**
**J. LYNCH AND ALARM SPECIALISTS, INC.**

                  Defendants.

——————————————————————X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS**
**BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT AND**
**MICHAEL J. LYNCH'S MOTION TO DISMISS**


                                        **WILSON JACOBSON P.C.**
                                        **The Inns of Court Building**
                                        **99 Court Street, Suite 2**
                                        **White Plains, New York10601-4264**
                                        **(914) 997-0825**
                                        **Attorney for Plaintiff**

# Table of Contents

TABLE OF AUTHORITIES     iii

STATEMENT OF FACTS     1

SUMMARY OF THE ARGUMENT     5

ARGUMENT     7

    Failure to State A Claim Under Federal Rules of Civil Procedure rule 12(b) (6)     7

POINT I
PLAINTIFF IS NOT REQUIRED TO COMPLY WITH EDUCATION LAW SECTION 3813(1) OR IF SO PLAINTIFF HAS COMPLIED     9

POINT II
THE ALLEGATIONS OF THE VERIFIED COMPLAINT GIVE THE DEFENDANTS FAIR NOTICE OF THE CLAIMS AGAINST THEM AND THE GROUNDS UPON WHICH THEY ARE ENTITLED TO RELIEF     11

    A.    Plaintiff's Allegations Are Sufficient to Give Fair Notice of Discriminatory Conduct and the Grounds Upon Which It is Entitled To Relief     12

    B.    Plaintiff States a Claim Under N.Y. Human Rights Law Section 296(13)     13

POINT III
PLAINTIFF'S ALLEGATIONS ARE SUFFICIENT TO GIVE FAIR NOTICE OF THE VIOLATIONS OF STATE LAW AGAINST THE STATE DEFENDANTS UNDER STATE LAW BROUGHT PURSUANT TO 42 U.S.C. 1983 AND THE GROUNDS UPON WHICH IT IS ENTITLED TO RELIEF     14

    (A) (i) Plaintiff Was Not Deprived of a Constitutionally Protected Property Interest but Was Deprived of a Constitutionally Protected Liberty Interest     15

    (ii) The Board Did Not Give Plaintiff Due Process to Protect Its Liberty Interests     17

    C.    Plaintiff Alleges That After It Petitioned The Board It Did Not Give Plaintiff A Full And Fair Opportunity To State Its Case Before Them On The Merits And Retaliated Against It After He Appeared And Asked For An Opportunity To Be Heard On The Merits     17

POINT IV
PLAINTIFF HAS ADEQUATELY ALLEGED EQUAL PROTECTION CLAIMS     19

POINT V
PLAINTIFF HAS A PRIVATE RIGHTS OF ACTION TO ENFORCE N.Y. EDUCATION    20
LAW § 2513

CONCLUSION                                                            20

**Table of Authorities**

**Cases**

Allshine, C.S. v South Orangetown Cent. School Dist., 305 A.D.2d 617-618, 759 N.Y.S.2d 547 [2d Dept 2003] .................................................................................................................. 10

Bd. of Regents v. Roth, 408 U.S. 564, 577 (U.S. 1972) ......................................................... 15, 16

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955; 167 L. Ed. 2d 929; 2007 U.S. LEXIS 5901; 75 U.S.L.W. 4337 (U.S. 2007) ............................................................................................. passim

Brandon v Board of Education (1980, ND NY) 487 F Supp 1219, affd (2d Cir 1980) 635 F2d 971, 974 n.2,  cert denied (1981) 454 US 1123, 71 L Ed 2d 109, 102 S Ct 970, reh den (1982) 455 US 983, 71 L Ed 2d 694, 102 S Ct 1493.......................................................................... 9

Erickson v. Pardus, 127 S. Ct. 2197; 167 L. Ed. 2d 1081; 2007 U.S. LEXIS 6814; 75 U.S.L.W. 3643 (U.S. 2007)................................................................................................... 6, 7, 17

Felder v. Casey, 487 U.S. 131, 147 (U.S. 1988)......................................................................... 9

Hall-Kimbrell Envl. Servs. v East Ramapo Cent. School Dist., 177 A.D.2d 56 (3rd Dept. 1992). ................................................................................................................................................ 11

Hygrade Insulators v Board of Educ. Middle Country Cent. School Dist., 207 A.D.2d 430, 431, 615 N.Y.S.2d 744 [2d Dept 1994] ........................................................................................ 11

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).................................................................... 6, 7, 8, 14

Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229; 2007 U.S. App. LEXIS 17523; 101 Fair Empl. Prac. Cas. (BNA) 259 (2d Cir. 2007)........................................................................... 6

Leathermen v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163; 113 S. Ct. 1160; 122 L. Ed. 2d 517; 1993 U.S. LEXIS 1941; 61 U.S.L.W. 4205 (1993) ..................... 6

McDonough v. Board of Education, 20 Misc. 2d 98, 99-100 (N.Y. Misc. 1959) ....................... 20

Mennella v Uniondale Union Free School Dist., 287 A.D.2d 636, 636-637, 732 N.Y.S.2d 40 [2d Dept 2001] ........................................................................................................................... 10

O'Neill v. City of Auburn, 101 F.3d 685, 1996 U.S. App. LEXIS 39566 (2d Cir. N.Y. 1996) ... 15

Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 N.Y.2d 539, 547-549, 458 N.E.2d 1241, 470 N.Y.S.2d 564 [1983]...................................................................................................... 10

Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982) ............................................................ 9

Quinn, 613 F.2d 438 (2d Cir. 1980)................................................................................................. 15

Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1043 (2d Cir. 1979) ...................................... 19

Ruocco v Doyle  38 A. D. 2d 132, 327 NYS2d 933 (2d Dept. 1972) .......................................... 10

Scantron Corp. v. N.Y. City Bd. of Educ., 3 Misc. 3d 1042, 1046-1047 (N.Y. Misc. 2004)....... 10

Spoleta Constr. & Dev. Corp. v Board of Educ. of Byron-Bergen Cent. School Dist., 221 A.D.2d
    927; 634 N.Y.S.2d 300; 1995 N.Y. App. Div. LEXIS 13413 (4th Dept. 1995)........................ 10

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1, 2002 U.S. LEXIS
    1374, 70 U.S.L.W. 4152 (2002 ........................................................................................... passim

Union Free School Dist. v. New York State Human Rights Appeal Bd., 43 A.D.2d 749 (2d Dept
    1973) .......................................................................................................................................... 10

World Religious Relief v. Sirius Satellite Radio, Inc., No. 05 – CV- 8257, 2007 WL 2261549
    (S.D.N.Y. Aug. 7, 2007) ............................................................................................................ 12

Wrobel v. County of Erie, 211 Fed. Appx. 71, 72 (2d Cir. 2007) ................................................ 18

## Statutes

42 U.S.C. § 1983........................................................................................................... 9, 11, 14, 18

42 U.S.C. § 1981........................................................................................................................... 12

N.Y. Education Law § 2513 .......................................................................................................... 20

N.Y. Education Law § 3813(1)............................................................................................ 9, 10, 11

N.Y. Human Rights Law Section 296(13).................................................................................... 13

## Rules

Federal Rule of Civil Procedure 8(f) ............................................................................................ 17

Federal Rule of Civil Procedure 8(a) (2) ................................................................................... 6, 7

Federal Rules of Civil Procedure 12(b) (1)..................................................................................... 5

Federal Rules of Civil Procedure 12(b) (6).............................................................................. 5, 6, 7

**Treatises**

22 Carmody-Wait, New York Practice, §§ 310, 313 .................................................................. 20

2 Moore's Federal Practice, § 8.04 [8] (Matthew Benders 3d ed.)………………………………..7

## STATEMENT OF FACTS

Space Age Alarms, Inc. ("Space Age") submitted a bid on Contract #2007-15 which was to provide monitoring and maintenance of fire alarm systems for the City School District of White Plains, New York and on Bid #2007-16, to provide monitoring and maintenance of security alarm systems for the City School District of White Plains, New York.  Verified Complaint ¶ 7.

Space Age won the bid for both contracts.  The Board of Education of the White Plains City School District (the "Board") awarded each contract to Space Age on July 11, 2007. Claude Johnson Affidavit ("Johnson Aff.") ¶ 5.  Johnson Aff. ¶ 5.

The security alarm contracts make it clear that the Board owns all the property in this system.  The fire alarm contract is not as specific, but the advertisement of the request for bids introductory provisions and the specifications imply as much or certainly that the Board had control over the property within the District.  Johnson Affidavit In Opposition to the Motion to Dismiss ("Johnson Aff. ") submitted herewith.  Johnson Aff. at ¶¶ 30 – 31.

In order to gain access to the fire alarm system and the security system, Space Age needed the access codes.  Verified Complaint, ¶¶ 18 – 26; Exhibit "3."  Space Age requested the access codes from Mr. Michael Lynch, Director of Facilities and from the School Board over a period of time ("Lynch").  Verified Complaint, ¶¶ 18, 19 – 21, & 38.  From the very beginning, the Board, as owner of all of the equipment in the systems, and Alarm Specialists, Inc. ("Alarm Specialists") the losing outgoing contractor, refused to provide the Plaintiff with the **access codes** and the related information so that it could access the fire and security alarm systems to do the contract work.  See Verified Complaint, ¶¶ 8, 18-22, 26, and 29 – 44.  In fact, Alarm Specialists locked Space Age out of the systems. Verified Complaint ¶¶ 29 - 44.

1

Glaringly, the Seiler Affidavit in support of the motion to dismiss omits any mention of Space Age's complaints to Defendants Lynch and the Board about their lack of assistance in getting the access codes and having Alarm Specialists disable their lockout. Johnson Aff. ¶¶ 10 – 11; 20 -21. Mr. Johnson copied the defendant Board and Mr. Lynch on the exchange of correspondence with Alarm Specialists complaining that Space Age was not receiving any assistance from Mr. Lynch in gaining access to the security alarm systems. Verified Complaint ¶¶ 41 – 42, Exhibit "3." Neither the Board nor Mr. Lynch ever provided Space Age with the access codes. Verified Complaint, ¶¶ 12, 42. Mr. Lynch refused to assist Space Age in removing Alarm Specialists access lockout for the security systems making it impossible for Space Age to perform Contract #2007-16 and made it inadvisable for Space Age to service the fire alarm system pursuant to Contract #2007-15. Verified Complaint ¶ 44.

After refusing to provide the access codes and making it impossible for Space Age to perform the fire alarm system contract and the security system contract, Mr. Lynch notified Space Age of his intent to terminate the fire alarm and security alarm systems contract. Verified Complaint, ¶¶ 23 – 26.

At one point Mr. Lynch imposed a requirement on Space Age that had not been included in any of the contract documents. (He required that Space Age provide him "...certification that your technicians are factory authorized for maintaining these different fire control panels.") Verified Complaint, ¶14.

The Board placed the recommendation to terminate Space Age's contract on its August 6, 2007 agenda. Verified Complaint ¶¶ 45-48. Declaration of Leroy Wilson, Jr. dated November 24, 2007 ("Wilson Decl.") ¶ 3.

2

Space Age infers from the way events unfolded that the Board intended to revert to using its old contractor for the past 11 years, Alarms Specialists, to do the work.  They had lost the contracts to Space Age.  Verified Complaint, ¶ 28.  Since the lawsuit was filed, Space Age has learned that the Board did re-let the fire alarm system and the security alarm system contracts to Alarm Specialists, the contractor who had lost the bid to Space Age.  Johnson Aff. ¶ 17.

On August 6, 2007 Leroy Wilson, Jr. Esq., of Wilson Jacobson, P.C. ("Wilson"), Space Age's counsel, faxed and sent a letter by email to Michele Schoenfeld, the Clerk of the Board, requesting an opportunity to speak on the merits in opposition to the proposed termination.  He also requested a copy of the documents that the Board's presenter would use to support his recommendation that the bid awards be terminated.  Wilson Decl. ¶4; Exhibit "2".  Space Age sent its exchange of letters with Mr. Lynch to the Board of Education which outlined the difficulty it was having in gaining access to both systems and the need for these access codes.  Verified Complaint, ¶¶ 31 – 32.  The Clerk did not respond to Wilson's letter.

Wilson appeared at the August 6th Board meeting, and before the meeting, gave the Clerk a copy of a letter addressed to the Board members dated August 6, 2007 with enclosures to give to each of the Board members. Wilson Decl. ¶ 6.  When Mr. Johnson and Mr. Wilson appeared, Mr. Seiler told Mr. Wilson that the item involving the termination of Space Age had been tabled.  Mr. Wilson requested an opportunity to speak to the Board to say two things; one, that he would like to be provided with whatever documentation Mr. Lynch was going to present to the Board to support its consideration of whether or not to terminate the contracts and two, to ask the Board to give Space Age notice of when the adjourned meeting would take place so that Mr. Johnson would have an opportunity to address the Board on the merits of the termination.  Verified Complaint

¶ 26; Johnson Aff. ¶ 26. He asked them to read and review the documents that he had included in the package for each of them that he had delivered to the Clerk a few minutes before the meeting began. They did not have an opportunity to review the documents before the meeting. Verified Complaint ¶ 51; Wilson Decl. ¶10.

The August 6, 2007 meeting was videotaped. Johnson Aff. ¶ 27.

After Wilson made his statements, Board member and Superintendent Conner told Wilson that the matter had been tabled. Verified Complaint ¶ 52; Wilson Decl. ¶ 12.

The Board never notified Space Age of the date of the adjourned meeting where it would formally vote to terminate Space Age's contract. Johnson Aff. ¶ 36.

Within 2 days after that meeting, to wit, on August 8 and August 9th, the Journal News, which covers White Plains, published legal notices re-advertising a "Notice to Contractors" requesting bids for the services to provide monitoring & maintenance of fire alarm systems and security alarm systems for the school district. Verified Complaint ¶ 53.    These notices were placed by Mr. Lynch. Verified Complaint ¶ 55.

On August 10, 2007, Wilson again wrote a letter to Ms. Schoenfeld, the Clerk of the Board, asking for an explanation of the reason for the notices in light of the fact that the Board had tabled its action on whether or not Space Age's contracts for the same services should be terminated. Verified Complaint ¶ 58.

Mr. Seiler states that the reason that the board terminated the contracts was because Space Age refused to comply with the contract requirements to provide "new" communications equipment and that Space Age wanted to use the "old" equipment. Seiler Aff. ¶5, 9. The fire alarm contract documents state: "13. Use of Present Material: Unless otherwise specified, it is the intention that new materials shall be furnished, **but if during the progress of work it is**

4

**found that present materials are sound and of proper quality and dimensions, as required by the plans, details and specifications, the Contractor may use the same, provided they are acceptable to have first been approved by the Director of Facilities & Operations." Seiler Exhibit A, page 21.** (Emphasis supplied.) The security systems contract documents state: "13 Use of Present Material:  Unless other specified, it is the intention that new materials shall be furnished, **but if during the progress of work it is found that present materials are sound and of proper quality and dimensions, as required by the plans, details and specifications, the Contractor may use the same, provided they are acceptable to and have first been approved by the Director of Facilities & Operations." Seiler Exhibit B, page 22.**  (Emphasis supplied.)  Johnson Aff. ¶¶ 30 & 31.

Mr. Seiler never addresses Space Age's need for the access codes and to disable the lockout so that Space Age could access the security system.  He also does not explain how Alarms Systems was able to use the existing systems at the time it lost the bids, if he claims that Space Age could use the systems without the access codes.

### SUMMARY OF THE ARGUMENT

Defendants Board, Lynch and Alarm Specialists prevented Space Age from performing the contracts because they refused to provide Space Age with the access codes and Alarm Specialists refused to disable the lockout that it had placed on the security system.

The Court should deny the motion to dismiss pursuant to Federal Rules of Civil Procedure rule 12(b) (1)(lack of subject matter jurisdiction)[1] or Federal Rules of Civil Procedure rule 12(b) (6)( failure to state a claim upon which relief can be granted) because (1) the State of New York may not impose a notice of claim requirement on the Plaintiff  to bar it from bringing this proceeding in federal court (2) in any case, the verified complaint satisfies the notice

---

[1] This ground is palpably meritless. In addition, defendants cite no authority for this proposition.

requirements of New York State Education Law Section 3813 because the Board had actual notice of Space Age's claims, (3) the verified complaint meets the pleading requirements that the United States Supreme Court and the Second Circuit enunciated in <u>Erickson v. Pardus</u>, 127 S. Ct. 2197; 167 L. Ed. 2d 1081; 2007 U.S. LEXIS 6814; 75 U.S.L.W. 3643 (U.S. 2007); <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955; 167 L. Ed. 2d 929; 2007 U.S. LEXIS 5901; 75 U.S.L.W. 4337 (U.S. 2007); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1, 2002 U.S. LEXIS 1374, 70 U.S.L.W. 4152 (2002); <u>Leathermen v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163; 113 S. Ct. 1160; 122 L. Ed. 2d 517; 1993 U.S. LEXIS 1941; 61 U.S.L.W. 4205 (1993);  <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229; 2007 U.S. App. LEXIS 17523; 101 Fair Empl. Prac. Cas. (BNA) 259 (2d Cir. 2007); <u>Iqbal v. Hasty</u>, 490 F.3d 143 (2d Cir. 2007).

Notably, the Defendants Board and Lynch cite none of these cases in their Memorandum of Law in support of their motion to dismiss under Federal Rules of Civil Procedure rule 12(b) (6).

In summary, those cases state the general pleading standard under Federal Rule of Civil Procedure 8(a) (2) as follows:

> Federal Rule of Civil Procedure 8(a) (2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.   , 127 S. Ct. 1955, 167 L. Ed. 2d 929, 2007 U.S. LEXIS 5901, *21 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. <u>Bell Atlantic Corp.</u>, <u>supra</u>, at   , 2007 U.S. LEXIS 5901, *21) (citing <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

Erickson v. Pardus, 127 S. Ct. 2197, 2200 (U.S. 2007) (Cruel and unusual punishment case).

## ARGUMENT

### Failure to State A Claim Under Federal Rules of Civil Procedure rule 12(b) (6)

A unanimous Supreme Court said in Swierkiewicz that Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions[2]. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (U.S. 2002) (Private nonclass action age and national origin discrimination case).

Swierkiewicz specifically states that it is not imposing a heightened pleading standard on plaintiffs. 534 U.S. 506, 512. Even conclusory allegations might be sufficient, especially where the plaintiff [b]olsters his claim by making more specific allegations in documents attached to the complaint and in later filings." Erickson v. Pardus, 127 S. Ct. 2197, 2200. See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 – 515:

> Respondent argues that allowing lawsuits based on conclusory allegations of discrimination to go forward will burden the courts and encourage disgruntled employees to bring unsubstantiated suits. Brief for Respondent 34-40. Whatever the practical merits of this argument, the Federal Rules do not contain a heightened pleading standard for employment discrimination suits. A requirement of greater specificity for particular claims is a result that "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." Leatherman, supra, at 168. Furthermore, Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236.

On the other hand, in the latest Supreme Court pleading case, Bell Atl. Corp. v. Twombly, supra, an antitrust case, the Court gave conflicting signals as to when it might require heightened pleading in the complaint. See Iqbal v. Hasty, 490 F.3d 143, 155-156. However Iqbal points out that the Court in antitrust cases is faced with a series of issues that are not present in other kinds of cases, i.e. the costs of discovery in that case involving a class of

---

[2] Federal Rules of Civil Procedure Rule 8 is a procedural rule as to the required content of pleadings, it prevails over contrary state law, even in diversity actions. 2 Moore's Federal Practice, § 8.04 [8] (Matthew Benders 3d ed.).

thousands of plaintiffs for alleged conscious parallelism activity that took place over a period of 70 years.  Id. 490 F.3d at 157 ("These concerns provide some basis for believing that whatever adjustment in pleading standards results from Bell Atlantic is limited to cases where massive discovery is likely to create unacceptable settlement pressures.")

The Iqbal Court concludes that although the Supreme court is not requiring heightened pleading, it is requiring a "…requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Id. at 157-158.  Nevertheless the Second Circuit goes on to say that:

> Absent any indication from the Supreme Court that qualified immunity might warrant an exception to this general approach and the explicit disclaimer of a heightened pleading standard in Bell Atlantic, reinforced by the reversal of the Tenth Circuit's use of a heightened pleading standard in Erickson, we conclude that a heightened pleading rule may not be imposed. However, in order to survive a motion to dismiss under the plausibility standard of Bell Atlantic, a conclusory allegation concerning some elements of a plaintiff's claims might need to be fleshed out by a plaintiff's response to a defendant's motion for a more definite statement. See Fed. R. Civ. P. 12(e)

Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007)

However, the issue in Iqbal was whether the Amended Complaint could survive a motion to dismiss on the ground of qualified immunity.  Those considerations are not present here.

Space Age argues that it meets the Swierkiewicz pleading standards.  The cost of discovery in Bell Atlantic is not present here.  Neither is it necessary to amplify the pleadings as Iqbal requires because at this stage of the litigation, we are not faced with the issue of a qualified immunity from suit.  Even if we were faced with this issue, the personal participation of Lynch as the final supervisory policy maker is clear and that this Court should not grant such immunity.

Under these cases the complaint should be measured in terms of whether it gives the defendant fair notice of what the plaintiff is claiming and the grounds that support the complaint showing that the plaintiff is entitled to the relief he seeks.

## POINT I

**PLAINTIFF IS NOT REQUIRED TO COMPLY WITH EDUCATION LAW SECTION 3813(1) OR IF SO PLAINTIFF HAS COMPLIED**

There is no merit to Defendants Board and Lynch argument that Plaintiff has "Not Complied With The Statutory Requirements For Commencing An Action Against A School District Or Its Employees."

The prayer in the Verified Complaint requests declaratory and injunctive relief and as a necessary concomitant to this, requests damages.

Section 3813(1) does not preclude these claims. Section 3813(1) generally serves as condition precedent to commencement of nontort claims against school district, but such requirements are inapplicable to § 1983 actions. Felder v. Casey, 487 U.S. 131, 147 (U.S. 1988) ("In Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982), we held that plaintiffs need not exhaust state administrative remedies before instituting § 1983 suits in federal court."); Brandon v Board of Education (1980, ND NY) 487 F Supp 1219, affd (2d Cir 1980) 635 F2d 971, 974 n.2, cert denied (1981) 454 US 1123, 71 L Ed 2d 109, 102 S Ct 970, reh den (1982) 455 US 983, 71 L Ed 2d 694, 102 S Ct 1493. ("Judge McCurn correctly held that the plaintiffs' failure to present a written verified complaint to the school officials within three months after the accrual of their claim, required by New York Educ. Law § 3813(1) (McKinney) as a condition precedent to the commencement of non-tort suits against a school district, did not necessitate dismissal of the complaint. He found that compliance with the notice requirement is not mandatory in civil rights actions brought pursuant to 42 U.S.C. § 1983.")

9

Where the verified complaint prays mainly for declaratory and injunctive relief and the prayer for damages is a necessary concomitant of this, then Section 3813(1) is not a bar to this action. Ruocco v Doyle 38 A. D. 2d 132, 327 NYS2d 933 (1972, 2d Dept) (action for declaratory relief); Union Free School Dist. v. New York State Human Rights Appeal Bd., 43 A.D.2d 749 (2d Dept 1973).

In any case, Plaintiff complied with the requirements of Section 3813(1). The verified complaint in this case was filed in this Court on August 27, 2007 and served on the Defendants Board and Lynch on September 18, 2007 and on Defendant Alarm Specialists on September 18, 2007. Proof of service was filed with this Court on or about October 5, 2007. All of this was done well within the 3 month period after the accrual of the claim. It appears that the earliest date of the claim would have been August 6, 2007, as alleged in the complaint. The Board was therefore well aware of the claim, made no effort to investigate the claims and made no effort to adjust the claim. Had they been deprived of the opportunity to do so, the great probability is that the Board would have argued this deprivation on this motion. The verified complaint in this case is more than sufficient to substantially comply with Section 3813(1). The courts have allowed informal and unverified writings, such as an invoice or even a letter, to qualify as a notice of claim, so long as the writing is presented to the appropriate governing body. See Scantron Corp. v. N.Y. City Bd. of Educ., 3 Misc. 3d 1042, 1046-1047 (N.Y. Misc. 2004) collecting cases (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 N.Y.2d 539, 547-549, 458 N.E.2d 1241, 470 N.Y.S.2d 564 [1983]; Allshine, C.S. v South Orangetown Cent. School Dist., 305 A.D.2d 617-618, 759 N.Y.S.2d 547 [2d Dept 2003]; Mennella v Uniondale Union Free School Dist., 287 A.D.2d 636, 636-637, 732 N.Y.S.2d 40 [2d Dept 2001]; Spoleta Constr. & Dev. Corp. v Board of Educ. of Byron-Bergen Cent. School Dist., 221 A.D.2d at 928; Hall-Kimbrell Envl.

Servs. v East Ramapo Cent. School Dist., 177 A.D.2d at 58 (3rd Dept. 1992); Hygrade Insulators

v Board of Educ. Middle Country Cent. School Dist., 207 A.D.2d 430, 431, 615 N.Y.S.2d 744

[2d Dept 1994].)

      Section 3813(1), by its terms, does not apply to Alarm Specialists.

**POINT II**

**THE ALLEGATIONS OF THE VERIFIED COMPLAINT GIVE THE DEFENDANTS
FAIR NOTICE OF THE CLAIMS AGAINST THEM AND THE GROUNDS UPON
WHICH THEY ARE ENTITLED TO RELIEF**

      Under the pleading authorities cited above, the Plaintiff has given the Defendants fair

notice of what each claim is and the grounds upon which it rests.

      Perhaps it is for this reason that the Defendants improperly confuse an evidentiary

standard with a pleading standard when they state that "…Plaintiff fails to provide a scintilla of

evidence…"  Memorandum of Law In Support of The Motion to Dismiss By Defendants Board

Of Education Of The White Plains City School District And Michael J. Lynch To Dismiss

("Municipal Defendants") Memo") at 9.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512

("Given that the prima facie case operates as a flexible evidentiary standard, it should not be

transposed into a rigid pleading standard for discrimination cases").

      A fair reading of Counts I and II shows that they allege federal civil rights claims brought

pursuant to 42 U.S.C. § 1983, but are not based on race discrimination  Count I is a deprivation

of due process claim.  Count II is a retaliation claim based on the First Amendment.  Cf.

Municipal Defendants Memo at 10 (where they incorrectly state that these are race

discrimination claims). These claims are against the Defendants Board and Lynch.  Verified

Complaint ¶¶ 74 and 79 respectively.

Count III is a federal civil rights action brought pursuant to 42 U.S.C. § 1981 based on race discrimination. These claims are against the Defendants Board and Lynch.

Count IV is a state civil rights action based on the ground that the Municipal Defendants violated Plaintiff's rights to petition a municipal government of the state. Cf. Municipal Defendants Memo at 10 (where they incorrectly state that this is a race discrimination claim).

Counts V and VI are claims of race discrimination based on state statute.

Counts IV through VI are claims are against the Defendants Board and Lynch.

Count VII is a state contract claim. These claims are against the Defendants Board and Lynch.

Count VIII is a state tort claim. These claims are against the Defendant Alarm Specialists.

**A.    Plaintiff's Allegations Are Sufficient to Give Fair Notice of Discriminatory Conduct and the Grounds Upon Which It is Entitled To Relief**

The Municipal Defendants do not cite any of the controlling United States Supreme Court and Second Circuit precedents cited above. Plaintiff respectfully argues that the cases that they cite are irrelevant and lack the force of <u>stare</u> <u>decisis</u>. This includes <u>World Religious Relief v. Sirius Satellite Radio, Inc.</u>, No. 05 – CV- 8257, 2007 WL 2261549 (S.D.N.Y. Aug. 7, 2007) cited at Municipal Defendants Memo at 12. That case likewise cites none of the controlling precedent.

Accepting as true all of the factual allegations contained in the complaint, <u>Bell Atlantic Corp.</u>, <u>supra</u>, at, 2007 U.S. LEXIS 5901, *21), Count III gives the Municipal Defendants fair notice that Plaintiff alleges that they have discriminated against the Plaintiff on the ground of that the owners of the Plaintiff and the owners of Defendant Alarm Specialists belong to different races and were treated differently. Verified Complaint generally, but ¶¶ 14, 62, 63, 80 -

82. the Verified Complaint details the events leading to the awarding and termination of Plaintiff's contracts, the lack of notice of the adjourned meeting for the Board to consider the termination agenda item that it had scheduled for the August 6, 2007 meeting, giving notice of re-letting the contracts before they had given the Plaintiff a fair opportunity to present his side of the story on the merits of the proposed termination even though Mr. Seiler and Mr. Connors, the Superintendent had promised to give Plaintiff notice of the adjourned meeting, the lockout of the Plaintiff from the security systems, the refusal of the Municipal Defendants to give the Plaintiff any assistance in getting the access codes that it needed to be able to access the systems, requiring the Plaintiff to submit certification of employees when the contracts did not require the same, and the apparent acquiescence of the Municipal Defendants to the Defendant Alarm Specialists hi-jacking of the fire and security systems, and the inference that the Board would re-let the contracts to Alarm Specialists.[3]

### B.    Plaintiff States a Claim Under N.Y. Human Rights Law Section 296(13)

Section 296[13.] states:

> 13. It shall be an unlawful discriminatory practice (i) for any person to discriminate against, boycott or blacklist, or to refuse to buy from, sell to or trade with, any person, because of the race, creed, color, …of such person, or of such person's partners, members, stockholders, directors, officers, … or (ii) for any person wilfully to do any act or refrain from doing any act which enables any such person to take such action. This subdivision shall not apply to:

Contrary to the Municipal Defendants arguments, Plaintiff does not allege any boycott or blacklisting. Cf. Municipal Defendants Memo at 14. On the other hand, the allegations of the

---

[3] After the Verified complaint was filed, the Board did re-let the contracts to Alarm Specialists.

complaint fit neatly within the statutory language.  Subdivision (i) applies to both of the Board

Defendants and subdivision (ii) applies to the Board, as Lynch's enabler.

The allegations under Count V give the Municipal Defendants fair notice that the

Plaintiff alleges that the Municipal Defendants"…refuse to buy from, sell to or trade with [Space

Age] because of the race … of [Space Age's] stockholders."  Verified Complaint generally, but

especially ¶¶ 14, 62, 63, 85 -87.

Again, the Municipal Defendants use the language of evidentiary proof to test the

adequacy of the verified complaint and not the language required by Federal Rules of Civil

Procedure rule 8(a).  This is incorrect.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (U.S.

2002).

For these reasons, the arguments of the Municipal Defendants have no merit with respect

to Counts I, II, III, IV and V of the Verified Complaint.  Municipal Defendants Memo at 14 –

15[4].

## POINT III

**PLAINTIFF'S ALLEGATIONS ARE SUFFICIENT TO GIVE FAIR NOTICE OF THE
VIOLATIONS OF STATE LAW AGAINST THE STATE DEFENDANTS UNDER
STATE LAW BROUGHT PURSUANT TO 42 U.S.C. 1983 AND THE GROUNDS UPON
WHICH IT IS ENTITLED TO RELIEF**

As in Swierkiewicz, supra, Plaintiff has alleged details of the events involved in its

termination.  Moreover, even under the plausibility standard that one might employ under Bell

Atlantic, supra, or Iqbal, supra, the Verified Complaint in this case gives the Municipal

Defendants fair notice of the claims against them and the grounds upon which the claims are

based.

---

[4] Counts I, II and III are not race discrimination claims.  Municipal Defendants Memo at 15.

**(A) (i) Plaintiff Was Not Deprived of a Constitutionally Protected Property Interest but Was Deprived of a Constitutionally Protected Liberty Interest**

The allegations give the Municipal Defendants fair notice that Plaintiff had a legitimate entitlement to the fire and security systems monitoring and maintenance contracts and an opportunity to perform under these contracts that the Board had already awarded to him. He had a constitutional right to a fair hearing before the Board before it terminated his contracts. Bd. of Regents v. Roth, 408 U.S. 564, 577 (U.S. 1972):

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Plaintiff concedes that the majority of the cases seem to indicate that the Plaintiff would not have a constitutionally protectible property right under the procedural *due process* clause.

However, Plaintiff was never given a fair hearing to address the merits of the termination before the Board. He was entitled to this, especially where his reputational interests were at stake. Verified Complaint ¶ 98. For "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972).

In line with this authority, the Second Circuit has held that allegations that "go to the very heart of [the employee's] professional competence'" and that "might damage his professional reputation" are stigmatizing and, accordingly, implicate an employee's constitutionally protected *liberty* interests. O'Neill v. City of Auburn, 23 F.3d 685, 692 (2d Cir. N.Y. 1996) (quoting Huntley v. Community Sch. Bd., 543 F.2d 979, 985-86 (2d Cir. 1977)); see also Quinn, 613 F.2d

438, 446 n.6 (2d Cir. 1980) (noting in dicta that "stigmatizing information is not limited to charges of illegality, dishonesty or immorality").

Here, defendants' statements regarding Plaintiff's failure to perform the fire and security systems contracts do not merely allege incompetence but, if credited, go "to the very heart of [its] professional competence" as an alarms systems contractor.   Verified Complaint ¶ 25.

In his letter dated July 19, 2007, Municipal Defendants charge Plaintiff with refusing to perform under the fire and security contracts.  Taken together, these statements allege at the least gross professional incompetence and, as a result, threaten to damage Plaintiff's' reputation and significantly impede its ability to practice its profession as an alarm systems public works contractor.

Plaintiff is therefore entitled to a "name-clearing" hearing before the Board. Bd. of Regents v. Roth, 408 U.S. 564 ("where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential …In such a case, due process would accord an opportunity to refute the charge before [the Board].")(Internal citations omitted). Id. at 572 n12.

Plaintiff therefore urges the Court to allow it to re-plead Count I as a deprivation of liberty constitutional claim, especially since the Board did not give Plaintiff an opportunity to be heard on the merits and Plaintiff alleged that the Board had injured its reputation.   Verified Complaint ¶¶ 45 – 59 and 98[5].  This Court's Civil Case Discovery Plan and Scheduling Order contemplates that dispositive motions would have been filed sometime in 2008; hence the court may on its own motion either allow Plaintiff to re-plead this Count or under Federal Rules of Civil Procedure rules 1 and 8(f) presently consider that the complaint has sufficiently alleged a

---

[5] Plaintiff likewise made a claim against the Defendant Alarm Specialists for damages for reputational injury.

deprivation of Plaintiff's *liberty interest.*  Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice")  <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (U.S. 2007).

### (ii) The Board Did Not Give Plaintiff Due Process to Protect Its Liberty Interests

See argument above.

### C.     Plaintiff Alleges That After It Petitioned The Board It   Did Not Give Plaintiff A Full And Fair Opportunity To State Its Case Before Them On The Merits And   Retaliated Against It After He Appeared And Asked For       An Opportunity To Be Heard On The Merits

The Verified Complaint alleges that as early as July 24, 2007, Space Age began to write the members of the Board to apprise them of the difficulty that it was having with Defendant Lynch who was making it impossible for it to perform the contracts because Lynch did nothing to assist it in getting the needed access codes and that the former contractor had locked Space Age out of the system.  Verified Complaint ¶¶ 31 -33, 37, 40 - 41.  Plaintiff also alleges that the Board and its Counsel refused to tell it who owned the systems.  Verified Complaint ¶¶ 33 – 37. the Board never responded to Space Age's letters.  Verified Complaint ¶42.

Although Plaintiff's counsel requested an opportunity to appear before the Board, counsel had requested the documents that the Board was going to consider in response to Defendant Lynch's recommendation to terminate the contracts.  Wilson did not receive the documents. Verified Complaint ¶¶ 46 – 47.

Plaintiff and its counsel did appear when it learned that the termination of the contracts was on the Board's August 6, 2007 agenda, but learned upon arrival at the meeting that this matter had been tabled.  Verified Complaint ¶¶ 48 – 50, 52.  Counsel was allowed to speak, but did not speak on the merits because he had not seen the documents that charged Space Age with nonperformance, and made a limited request to the Board to provide him with the documents

they it would rely upon to terminate the contracts, inform the Plaintiff of the date of the Board meeting when the termination item would be taken off the table, and to request that the Board read and review the documents that he had delivered to them a few minutes before the meeting. Verified Complaint ¶51.  The Municipal Defendants do not discuss this limited appearance, but instead would have the Court believe that the Board afforded the Plaintiff a full and fair opportunity to be heard on the merits, or any afforded him any hearing on the merits.  The Board did none of these.  Cf.  Municipal Defendants Memo at 21.

Within 2 days after the meeting, and before giving any notice of when the Plaintiff might be able to address the Board on the merits, the Board issued new notices to re-let the contracts. Verified Complaint ¶¶ 53 – 57.  Plaintiff's counsel received no explanation for what had been done, despite his request for an explanation.  Verified Complaint ¶¶ 58 – 59.  Given the timing of the new notices and the need for the printer to proof-read the proposed new notices, this court may infer that the Board had decided to terminate the contracts even before the August 6, 2007 meeting.  It played charades with the Plaintiff's reputation.  The Second Circuit has stated that relevant rule for first amendment retaliation claims as follows:

> To prevail on a First Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff must prove by a preponderance of the evidence that (1) the expression at issue was constitutionally protected, (2) the alleged retaliatory action adversely affected his constitutionally protected expression, and (3) a causal relationship existed between the constitutionally protected expression and the retaliatory action."

Wrobel v. County of Erie, 211 Fed. Appx. 71, 72 (2d Cir. 2007).

It follows that a complaint that alleges these elements gives the Municipal Defendants fair notice of Plaintiff's claims and the grounds upon which they are based.  Plaintiff has done this.

# POINT IV

## PLAINTIFF HAS ADEQUATELY ALLEGED EQUAL PROTECTION CLAIMS

Using Municipal Defendants own authorities, Plaintiff and it competitor Alarm Specialists were "similarly situated" in that each had bid on the same contracts, each is in the alarm business, each was qualified to do the work, Alarm Specialists because it was the outgoing contractor, Plaintiff because it had won the bids.  The refusal of the Municipal Defendants to (1) respond to any of Plaintiff's letters, (2) give Plaintiff the access codes for the equipment that the Board owned, (3) assist Plaintiff in getting the access codes from Alarm Specialists, (4) require Alarm Specialists, the outgoing contractor, to disable the lock-out it had paced on the system which held the alarms systems hostage, (5) afford Plaintiff a full and fair opportunity to clear its name, is bizarre and irrational.  This Court may infer that something more was at work than a consideration on the merits.[6]  Race is one factor to consider.  The following language from a housing discrimination case might be helpful:

> In sum, therefore, in order for the corporation to prevail, the district court must find that racial motivation did not play any role in the decision to deny Robinson's application. In its deliberations, the court must remember that "clever men may easily conceal their motivations." United States v. City of Black Jack, supra, 508 F.2d at 1185. "As overtly bigoted behavior has become more unfashionable, evidence of intent has become harder to find. But this does not mean that racial discrimination has disappeared." Village of Arlington Heights II, supra, 558 F.2d at 1290. It means that when a discriminatory effect is present, the courts must be alert to recognize means that are subtle and explanations that are synthetic

Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1043 (2d Cir. 1979).

---

[6] The fact that 2 of the 7 Board members is African- American is irrelevant.  If 5 of them were, then perhaps this fact would be relevant.  Cf.  Municipal Defendants Memo at 13.

## POINT V

## PLAINTIFF HAS A PRIVATE RIGHTS OF ACTION TO ENFORCE N.Y. EDUCATION LAW § 2513

Plaintiff has a private right of action to enforce Education Law § 2513.  It has standing.

McDonough v. Board of Education, 20 Misc. 2d 98, 99-100 (N.Y. Misc. 1959)("The proper

advertising for bids and the letting of contracts, as provided by the law above set forth, is a

matter of public interest. Under such circumstances, it is neither necessary for the petitioner to

show that he is an aggrieved party nor that he has any special interest. (See 22 Carmody-Wait,

New York Practice, §§ 310, 313 and cases cited.)")

Plaintiff is not suing for damages under Count VI. It prays that the contracts to Alarm

Specialists be annulled.  Verified Complaint ¶¶ 88 – 91.

## CONCLUSION

For the forgoing reasons, the Municipal Defendants Motion to Dismiss should be denied

in all respects.

Dated: White Plains, New York
       November 29, 2007

Respectfully submitted,

**WILSON JACOBSON P.C.**

By _____

**Leroy Wilson, Jr. (LWJr 2473)**
**President**
**The Inns of Court Building**
**99 Court Street, Suite 2**
**White Plains, New York 10601-4264**
**(914) 997-0825**
**Attorney for Plaintiff**

20

Wilson Jacobson, P.C.
The Inns of Court Building
99 Court Street
Suite 2
White Plains, New York 10601-4264
(914) 997-0825
FAX (914) 997-0825

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SPACE AGE ALARMS, INC.,**

Plaintiff

-against-

## THE BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT , MICHAEL J. LYNCH AND ALARM SPECIALISTS, INC.

Defendants.

**File No.  07-CV-7606 (CLB)(MDF)**
ECF CASE

**CERTIFICATE AND AFFIRMATION OF SERVICE**

**Leroy Wilson, Jr., Esq.** of Wilson Jacobson, P.C. attorney for Plaintiff herein, duly admitted to practice law in the State of New York, hereby affirms under penalties of perjury and hereby certifies that on the date set forth below, she served the below described papers upon the below listed person(s) at the address (es) listed below by mailing to them a true copy of said papers by regular first class mail, postage prepaid, in a sealed envelope at a depository maintained by the U.S. Postal Service within the City of White Plains, New York.

Papers served:

1. **JOHNSON AFFIDAVIT IN OPPOSITION TO THE BOARD AND LYNCH'S MOTION TO DISMISS**

2. **WILSON DECLARATION PURSUANT TO 28 U.S.C. §1746**

3.    **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT AND MICHAEL J. LYNCH'S MOTION TO DISMISS**

Persons served:

Michael G. McAlvin, Esq.
Ingerman Smith, LLP
Attorneys for Municipal Defendants
150 Motor Parkway
Suite 400
Hauppauge, New York 11788
1-631-261-8834

Hugh G. Jasne, Esq.
Jasne & Florio, L.L.P.
Attorneys for Defendant Alarm Specialists, Inc.
525 North Broadway
White Plains, NY 10603
1-914-997-1212

Date Mailed: November 30, 2007
Dated:    November 30, 2007

Leroy Wilson, Jr.

2