UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPACE AGE ALARMS, INC.,

       Plaintiff,

 – against –

THE BOARD OF EDUCATION OF THE WHITE
PLAINS CITY SCHOOL DISTRICT, MICHAEL J.
LYNCH AND ALARM SPECIALISTS, INC.

       Defendants.

Case No.:

07-CV-7606 (CLB)(MDF)

---

REPLY MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION TO DISMISS BY DEFENDANTS
THE BOARD OF EDUCATION OF THE WHITE PLAINS
CITY SCHOOL DISTRICT AND MICHAEL J. LYNCH

      INGERMAN SMITH, LLP
      Attorneys for Defendants
      THE BOARD OF EDUCATION
      OF THE WHITE PLAINS
      CITY SCHOOL DISTRICT and
      MICHAEL J. LYNCH
      150 Motor Parkway, Suite 400
      Hauppauge, New York 11788
      (631) 261-8834

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in Reply to Plaintiff, Space Age Alarm, Inc.'s (hereinafter referred to as "Plaintiff" or "Space Age") Opposition to the Defendants, The Board of Education of the White Plains City School District's (hereinafter "School District") and Michael J. Lynch's Motion to Dismiss. This matter was and always has been simple. Plaintiff failed to live up to its contractual obligations. As a result the contracts it had with the School District were terminated.

## REPLY ARGUMENT
### I.
### PLAINTIFF'S INTERPRETATION OF FEDERAL RULE 8(a)(2) WOULD RENDER FEDERAL RULE 12(b) IMPOTENT

Plaintiff misinterprets compliance with Federal Rule 8(a)(2) as a form of immunity from a Rule 12(b) motion to dismiss. See Plaintiff's Memorandum of Law pp. 6-9 and throughout. To an extent, Plaintiff is comparing apples to oranges. The standard under which the Motion to Dismiss was made is that, even if Plaintiff's allegations are true, it failed to state a claim upon which relief may be granted.[1] Recently, the Supreme Court, in Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007), further opined on the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to

---

[1] The Motion to Dismiss seeking dismissal pursuant to Rule 12(b)(1) in part would apply if the federal claims were dismissed leaving the court without original jurisdiction over the state law claims. It would also apply should the Court lacked jurisdiction over the Constitutional and federal claims because said claims could and should have been raised in Article 78 proceeding.

1

> relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a **Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions**, and a formulaic recitation of the elements of a cause of action will not do. **Factual allegations must be enough to raise a right to relief above the speculative level**, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Id. at 1964-65 (citations and internal quotations omitted)(emphasis added).

Neither Bell Atl. Corp. nor Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002), significantly altered the standard by which courts have decided Rule 12(b)(6) motions. None of the cases or arguments made by Plaintiff change the fact, as argued more fully in the initial Motion papers, that Plaintiff has failed to state a claim upon which relief can be granted.

## II.
## MERE CONCLUSION OF DISCRIMINATION NOT SUFFICIENT TO DEFEAT A FEDERAL RULE 12(b)(6) MOTION TO DISMISS

Plaintiff states that its claims of racial discrimination are only set forth in Count III (42 U.S.C. §1981); Count V (N.Y. Const. Art. 1, §§ 1 and 11 and N.Y. Exec. Law §296(13)); and Count VI (N.Y. Education Law §2513).[2] See Plaintiff's Memorandum of Law, pp. 11-12.

Plaintiff's argument about the irrelevance of the cases cited by the School District and Lynch in its Motion papers (School District/Lynch Memorandum of Law, Point II(A), pp. 10-13) lacks merit and is only meant to confuse the basis of

---

[2] Education Law §2513 requires the School District to follow the bidding requirements of General Municipal Law §103 and cannot form the basis of a discrimination claim. Thus, this Count VI should be dismissed.

2

Rule 8 and Rule 12 standards. Not only that, Plaintiff failed to even distinguish those cases cited by Defendants in which the motions to dismiss were granted. Instead, Plaintiff asks the court to begin and end its analysis by merely referring to Plaintiff's complaint. Plaintiff is so bent on reliance on Swierkiewicz and Bell Atl. Corp. that it argues because the post-2002 cases of World Religious Relief v. Sirius Satellite Radio, Inc., No. 05-CV-8257, 2007 WL 2261549 (S.D.N.Y. Aug. 7, 2007) and Reyes v. Erickson, 238 F. Supp. 2d 632, 638 (S.D.N.Y. 2003), do not cite the aforementioned Supreme Court cases, the judges in those instances applied the incorrect Rule 12(b)(6) standard. There is no evidence of this claim.

In fact, the courts in both those cases did a thorough analysis of the allegations and their applicability to the law. And the allegations contained in those respective pleadings is substantially similar to those in Plaintiff's complaint. For instance, in Reyes the court dismissed the 42 U.S.C. §1981 claim because "the tenants [ ] failed to allege specific facts sufficient to support an inference that defendants intentionally discriminated against them on the basis of their race or Latino ethnicity" and because the complaint consisted of "naked assertions [ ] setting forth no facts upon which a Court could find a violation of the Civil Rights Act." 238 F. Supp. 2d at 638.

The Reyes complaint alleged:

- that the city program was managed ineffectively with respect to that part of the program that requires informing tenants about the various transactions involving their buildings;
- that a public hearing was improperly scheduled;

3

- that city defendants were not responsive to plaintiffs' requests for certain information;
- that "[t]he ethnic backgrounds of plaintiffs and their language barriers and educational deficiencies allowed defendant[s] to evade and ignore obligations to plaintiffs and ignore due process." (citing complaint language); and
- that "the acts, omissions and actions of defendants deprived plaintiffs of the opportunity to obtain the same benefits as English-speaking all-white better-educated persons, namely to own property under the [city] program." (citing complaint language) Id.

The facts alleged in Reyes and World Religious Relief are nearly identical to those alleged by Plaintiff herein. Plaintiff's allegations are, and always have been: (1) Plaintiff was in a contract with the School District; (2) the contract was terminated; (3) Plaintiff's position is that the contract was wrongfully terminated for reasons related to lack of notice of meetings of the Board of Education, lockout of security systems, refusal of assistance to get certain codes, and hijacking of security systems (see Plaintiff's Complaint generally and Memorandum of Law p. 13). Almost in passing, without any allegation of discrimination whatsoever, Plaintiff notes the race of its principals and that of Alarm Specialists, Inc. See Complaint, p. 13. Such naked and conclusory allegations are insufficient to be the basis of a claim upon which relief may be granted.

### III.
### PLAINTIFF HAS NOT JUSTIFIED WHY ITS N.Y. EXECUTIVE LAW SECTION 296(13) CLAIM SHOULD NOT BE DISMISSED

Once again, with regard to Count V, Plaintiff merely refers the court to Federal Rule 8 in justifying its failure to state a claim upon which relief may be granted. Mere reliance on a deficient pleading does not save Plaintiff from

dismissal pursuant to Rule 12(b). Plaintiff does not cite any contrary authorities used in the School District's Motion papers.

## IV.
## NO DUE PROCESS VIOLATION FOR ALLEGED DEPRIVATION OF LIBERTY INTEREST

Plaintiff now claims it has a Constitutionally protected liberty interest in its reputation as well as a continued right to the contracts and that it has been deprived of this liberty interest without due process in violation of the Fourteenth Amendment under 42 U.S.C. §1983. See Plaintiff's Memorandum of Law pp. 16-17. Notwithstanding the change in its legal position, Plaintiff cannot maintain a Section 1983 claim based upon a procedural due process violation. Plaintiff claims it had a right to "confront Mr. Lynch in an adversarial hearing before the Board;" the right to see/hear "the specific testimony that the Board intended to rely upon to consider the recommendation to terminate these contracts;" and the right of a "fair hearing to persuade the Board that it did not breach the contracts." Plaintiff's Complaint ¶¶71-73. Plaintiff claims the failure of the School District to afford it these "rights" was a violation of its due process rights. See Count I.

Plaintiff further claims it was "entitled to" a "fair hearing to address the merits of the termination before the Board." See Plaintiff's Memorandum of Law, p. 15. Plaintiff does not cite from where this "entitlement" arises. It is not contractual and it is not afforded under state or federal law. In addition, the cases cited by Plaintiff deal with an employee, not a contracting vendor, seeking

to assert protected liberty interest. The court should consider the case of <u>Empire Transit Mix, Inc. v. Giuliani</u>, 37 F. Supp.2d 331, 336-338 (S.D.N.Y. 1999), where a concrete supplier brought an action against the city challenging its debarment from city work. The court rejected the liberty interest claims of (1) right to contract with the city; and (2) damage to its reputation as a result of the city's action. The court held, the city's action of debarment does not rise to the level of a liberty interest because the city is not responsible for providing a livelihood to the contractor. In quoting to the Second Circuit's decision in <u>S & D Maint. Co., Inc. v. Goldin</u>, 844 F.2d 962, 970 (2d Cir. 1988), it was held that:

> even discharge from governmental employment will not by itself constitute a deprivation of liberty .... Though S & D claims that the City's actions leave it without sufficient capital to pursue any line of work, the remedy lies in an action for damages under the contract. The fact that consequential damages of the alleged breach may be severe cannot convert a contract claim into a deprivation of liberty.

<u>S & D Maint. Co.</u>, 844 F.2d at 970 (Contractor's remedy for city's alleged breach of contract was action for damages under contract, rather than claim for deprivation of liberty interest, even though city's actions allegedly left contractor without sufficient capital to pursue any line of work).

<u>Empire Transit</u> further notes that "an injury to reputation alone, even when inflicted by a state official, does not deprive an individual of a liberty interest." <u>Empire Transit</u>, 37 F. Supp.2d at 336. Further:

> a finding of a violation of an employee's liberty interest is appropriate only if the terminating agency's officials made derogatory statements about the terminated employee without

6

affording the employee a hearing at which to rebut those charges. The statements made about the employee, moreover, must be so damaging to his or her professional reputation that they seriously would hinder the employee in finding work in that field, thereby violating the employee's liberty interest in pursuing the occupation of his choosing.

Id. at 337; see also S & D Maint. Co., 844 F.2d at 970-71 (no violation of contractor's liberty interest under § 1983 even where city official made public statements that contractor was under investigation for fraud even if statements prevented contractor from securing other employment). In the case at bar, it is alleged that the School District merely terminated the contracts. There are no allegations of any defamatory statements made to the public.

In any event, Plaintiff concedes it was given the opportunity to speak with the Board on August 6, 2007. It also submitted voluminous documents for the Board's consideration. Moreover, Plaintiff has failed to explain why it did not utilize the post-deprivation rights afforded by Article 78 of the C.P.L.R. to redress its claims. In not doing so, Plaintiff waives its due process claims.

## V.
## PLAINTIFF FAILS TO STATE FIRST AMENDMENT RETALIATION CLAIM

Plaintiff claims the School District retaliated against it in response to Plaintiff's August 6, 2007, presentation to the Board of Education. See Plaintiff's Complaint Count II. In order to prevail on a claim of retaliation in violation of the First Amendment under 42 U.S.C. §1983, the public contractor must show: (1) it engaged in constitutionally protected speech because it spoke as a citizen on a matter of public concern; (2) Plaintiff suffered an adverse action; and (3) the

7

speech was a motivating factor in the adverse decision. See Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006).

Plaintiff alleges that on August 6, 2007, it met with the Board "thinking it would receive a fair opportunity for a hearing at an adjourned meeting." Complaint ¶76. At this meeting, the Board already had an agenda item recommending the termination of the Plaintiff's contracts. Complaint ¶ 45. Plaintiff's counsel met with the Board and even submitted documentation. Complaint ¶48. For the time being, the matter was tabled. Complaint ¶¶51-52.

The speech which Plaintiff identifies in its Complaint (i.e., meeting with the Board requesting an airing of grievances on its contracts) as the basis for the alleged adverse action (i.e., the termination of the contracts) did not involve, and does not rise to a matter of public concern. See e.g., Hale v. Mann, 219 F.3d 61, 71 (2d Cir. 2000) (court concluded that proper administration of juvenile jail was a matter of public concern). It focuses instead on a contract between the Board and the Plaintiff. Plaintiff was merely trying to redress a private grievance and the conflicting views on the responsibilities of the parties of the contract.

Even if it was a matter of public concern, the complaint fails to establish a causal connection. On a motion to dismiss, Plaintiff must show a reasonable inference of such a connection. See Posr v. Ct. Officer Shield No. 207, 180 F.3d 409, 418 (2d Cir. 1999). In the present case, Plaintiff alleges the contracts were terminated because its counsel spoke with the Board. However, the wheels were set in motion for the consideration of termination well before Plaintiff's counsel

8

even sent its first piece of correspondence to the Board or met with the Board (August 6, 2007). Clearly, Plaintiff's own Complaint evidences that any statements made by Plaintiff on that date had no affect on the ultimate decision to terminate. A holding otherwise would open every contract dispute where the vendor says, "Please Board don't fire me" to a Constitutional claim.

## VI.
## PLAINTIFF'S STATE LAW CLAIMS ARE NOT EXCEPTED FROM THE NOTICE REQUIREMENTS OF EDUCATION LAW SECTION 3218(1)

It is undisputed that Plaintiff failed to file a Notice of Claim with the Board of Education of the School District. While there is some authority exempting a 42 U.S.C. §1983 claim from the notice requirements of Education Law Section 3813(1), the same authorities make clear that in order to set forth state law claims under the same facts, the Plaintiff must comply with Section 3813(1). For instance, the case of Courtemanche v. Enlarged City School Dist. of the City of Middletown, 686 F. Supp. 1025, 1032-1033 (S.D.N.Y. 1988), the court in deciding the school district's motion to dismiss held Section 3813(1) of the Education Law was inapplicable to the 42 U.S.C. §1983 claim, but it remained applicable to the state law contract claim. As a result of the failure to serve a Notice of Claim, the court dismissed the contract claim. See id.; see also Richards v. Calvet, 2005 WL 743251, *12-13 (S.D.N.Y. March 31, 2005) (in deciding summary judgment motion by school district, court dismissed state and city discrimination claims based upon failure to comply with Section 3218(1)).

An exception to this rule does exist for actions that seek to vindicate a

9

public interest. See Falchenberg v. N.Y. City Dep't. of Educ., 375 F. Supp.2d 344 350-351 (S.D.N.Y. 2005). However, Plaintiff is seeking to vindicate its own private rights in that it is seeking, *inter alia*, an "award of compensatory damages to Plaintiff, against the respective Defendants, and each of them, under each Count above in an amount commensurate with losses suffered." See Complaint, "Prayer for Relief" ¶9. The court in Falchenberg held that Americans with Disabilities Act and state law discrimination claims seeking compensatory damages and injunctive relief amounts to private interests. Falchenberg, 375 F. Supp.2d at 350-51; see also Biggers v. Brookhaven-Comsewogue Union Free School Dist., 127 F. Supp.2d 452, 455 (S.D.N.Y. 2001) (plaintiff's allegations of discriminatory conduct on the part of school district refer only to conduct as it relates to her and her gender where her claim seeks money damages). Unlike the parties in the cases cited in its papers, Plaintiff is clearly not seeking to vindicate anything other than its own private rights, thus it was required to file a Notice of Claim. Finally, contrary to Plaintiff's assertion, its Verified Complaint does not satisfy the precondition that a Notice of Claim be filed before a lawsuit is begun.

## CONCLUSION

For all the foregoing reasons set forth in the papers submitted by the School District and Michael Lynch, it is respectfully requested that the Motion to Dismiss should be granted.

Dated:     Hauppauge, New York
           December 7, 2007

BY: _____
Michael G. McAlvin (MM-6074)
INGERMAN SMITH, LLP
Attorneys for Defendants
WHITE PLAINS CITY
SCHOOL DISTRICT and
MICHAEL LYNCH
150 Motor Parkway, Suite 400
Hauppauge, New York 11788
(631) 261-8834

To:

Leroy Wilson, Jr., Esq.
Wilson Jacobson, P.C.
Attorneys for Plaintiff
SPACE AGE ALARMS, INC.
The Inns of Court Building
99 Court Street, Suite 2
White Plains, New York 10601
(914) 997-0825
Fax: (914) 994-0830

Hugh G. Jasne, Esq.
Jasne & Florio, L.L.P.
Attorneys for Defendant
ALARM SPECIALISTS, INC.
525 North Broadway
White Plains, New York 10603
(914) 997-1212
Fax: (914) 682-8692

11