UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SPACE AGE ALARMS, INC.,

                      Plaintiff,

        - against -

THE BOARD OF EDUCATION of the
WHITE PLAINS CITY SCHOOL DISTRICT,
MICHAEL J. LYNCH and ALARM
SPECIALISTS, INC.,

                      Defendants.
-----------------------------------------------------------x

07 Cv. 7606 (CLB) (MDF)

***Memorandum and Order***

Brieant, J.

      By motion (Doc. 15) filed October 26, 2007 in this civil rights litigation, Defendants moved to dismiss. The motion was heard and fully submitted for decision on December 14, 2007.

      The Complaint is brought by Space Age Alarms, Inc., a New York Corporation which designs, installs and repairs Security and Fire Alarm Systems. Defendants are the Board of Education of the City of White Plains School District and Mr. Michael J. Lynch, its Director of Facilities and Operations at relevant times. The Defendant, Alarms Specialist, Inc. is also a New York Corporation engaged in the same work as Plaintiff. Plaintiff's principals and shareholders are African Americans.

      The underlying dispute is essentially a breach of contract which is tendered to the Court as a violation of the civil rights of Plaintiff's principals.

The following facts are viewed most favorably to the non-moving parties.

The School District in the regular conduct of its affairs and acting through Defendant Lynch advertised for bids to perform two separate contracts (Bid 2006-15 and Bid 2007-16) to provide monitoring and maintenance service of Fire Alarm Systems and Security Alarm Systems, respectively in buildings operated by the School District. Space Age began to respond to the request for bids and engaged in the customary "walk-thru" of the premises prior to submitting its bids.

After the award of the two contracts for the total sum of $18,444.00 issued to Plaintiff as the successful bidder, a dispute occurred between Plaintiff in its capacity as vendor and the School District. Here again, viewed most favorably to Plaintiff, apparently the School District failed to turn over access codes which were necessary to be used by Plaintiff to perform its obligations under the contracts, refused to permit Plaintiff to use existing equipment which was still useful, claiming the right to require all new equipment, and attempted to impose a requirement by the City of White Plains Building Department that the Plaintiff vendor forward a Certification that its technicians are all factory authorized for maintaining the various fire control panels (Compl. at ¶ 11).

Space Age failed to perform, attributing its failure of performance to breach of contract by the School District in failing to furnish the access codes, and refusing to accept recycled equipment. The District, by Mr. Lynch, wrote on July 19, 2007 that Space Age Alarms, Inc. was

in default of the monitoring contract for the Burglar and Fire Alarms because it had not "switched over the communicators to your company" and stated that he would recommend at the August 6th Board Meeting that the contract be terminated. The School District also indicated because of a "Bid error" it would be re-bidding the maintenance portion of the Burglar and Alarm Systems contract.

The Complaint details the correspondence between the parties which suggests a fundamental misunderstanding as to the obligations of the parties under the bid documents. There seems also to be a dispute (Compl. at ¶ 35) as to ownership of some of the equipment installed by the prior vendor (Defendant Alarm Specialists, Inc.) represented by the School District to be its property and also claimed by Alarm Specialists. By a letter dated July 31, 2007, Space Age wrote to Defendant Lynch stating, in effect, that by reason of a failure of the School District to "disable the local lockout or advise us to swap out the current security alarm system/ keypads per my letter dated July 24, 2007, we cannot provide any service nor will we bring the installation of new radio back-up systems or digital communicators for monitoring the existing fire alarms systems per Bid 2007-15."

Based on this communication, the School Board, on August 6, 2007 authorized the recommended decision to terminate the Bid Award to Space Age Alarms. Plaintiff protested this action and submitted a letter to the Board Members. Although a Board Member had informed Plaintiff's attorney that the matter of terminating the bid and re-advertising would be "tabled" apparently it was not, and the Board re-advertised and awarded a replacement contract with

Alarm Specialists, Inc. This lawsuit followed.

The Complaint alleges: Violation of Due Process under the Fourteenth Amendment (Count 1); Violation of the First Amendment in that the Board and Mr. Lynch deprived the Plaintiff of its right to petition for duress of grievances (Count 2); Violation of Section 1981 of Title 42, U.S. Code, under Count 3 in that Defendants discriminated against Plaintiff in making and enforcing contracts because the corporation was "owned by black people" (Compl. at ¶ 81). The Complaint also includes State law claims under the New York State Constitution, the New York Executive Law § 296(13), the New York State Education Law and Breach of Contract. The Co-defendant Alarm Specialists is also sued for tortuous interference.

The Court agrees with movants that this case is essentially a Breach of Contract case. Underlying the dispute are misunderstandings as to the extent to which the Plaintiff would be entitled to use existing facilities and equipment, and whether the School District, in fact, owned the facilities which the bid documents represent that it did.

The furnishing of goods and services to a school district in New York is controlled by statute and acquisitions of the sort intended in this case must be, with exceptions not material, controlled by competitive public bidding.

The contracts were terminated by the School District after the dispute arose as to the nature and extent of its obligations and those of its vendor. While the Complaint presents this

cause as a Constitutional violation, the dispute essentially arises out of a contract claim.  A plaintiff may not maintain such a claim against a School District or its agent Lynch because it has failed to comply with the Notice of Claim requirements of § 3813 of the New York State Education Law.  This Notice of Claim requirement is jurisdictional.

It is an expressed part of the General Conditions of the bid that while the contractor may use existing equipment, this requires the approval of the Director of Facilities and Operations for the School District and absent such approval, which was never received, the Contract required the installation of all new equipment.  By making the allegation of racial discrimination, Plaintiff seeks to convert this ordinary commercial dispute into a Constitutional tort.  The Plaintiff has not adequately pleaded racial discrimination.  See *Barr v. Abrams,* 810 F.2d 358, 362 (2d Cir. 1987). No circumstances are shown which give rise to a plausible inference of racially discriminatory intent and any assertions to that effect are inadequate.  Indeed to charge that a Board of public officials elected by the community are racially biased comes with the ill grace, especially when, as Defendants point out, two of the seven elected members of the Board are themselves African-Americans.  The persons who terminated the Contract for the alleged breach were the same persons who, two and one-half months earlier, authorized the awarding of the bids to Plaintiff. See *Grady v. Affiliated, Inc.,* 130 F.3d 553, 560 (2d. Cir. 1997). ("When the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire.  This is especially so when the firing has occurred such a short time after the hiring.") Even if the School District misconstrued its contracts in its own favor, and the case is by no means clear that it did,

doing so will not support a finding of racial discrimination.

The Motion is granted. The Breach of Contract claims are dismissed for failure to file a timely Notice of Claim. The Constitutional and Federal statutory claims are dismissed for failure to state a claim. The claims arising under New York Law are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction of those claims, following dismissal of the Federal claims.

The Clerk shall file a final judgment, and shall terminate all motions pending as of March 11, 2008 as moot and close the case.

SO ORDERED.

Dated: White Plains, New York
       March 11, 2008

*Charles L. Brieant*
Charles L. Brieant, U.S.D.J.