

# WILSON JACOBSON, P.C.
### ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

**MEMO ENDORSED**

LEROY WILSON, JR.
ATTORNEY AT LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY, CT and DC Bars

## BY FACSIMILE TO (914) 390-4085

Hon. Charles L. Brieant
District Judge
United States Courthouse
Southern District of New York
300 Quarropas Street, Room 275
White Plains, New York 10601

*Ref. – Rule 60(b)(6) Motion - Space Age Alarms, Inc. v. Board of Education of the White Plains City School District Michael J. Lynch and Alarm Specialists, Inc. : 07 CV-7606 (CLB)(MDF) 2d Circuit Docket # 08 – 1763-cv*

Dear Judge Bricant:

As you know, we represent the Plaintiff – Appellant in this matter. The Court granted the motion of the school district defendants to dismiss this action when it was pending before this Court. We appealed and are operating under Amended Scheduling Order #2.

We find it necessary to write to ask you to consider a procedure under Federal Rules of Civil Procedure rule 60 (b) that may allow the Circuit Court to remand this matter to this Court pending appeal. We believe this procedure is allowed by <u>Toliver v. County of Sullivan</u>, 957 F. 2d 47, 49 (2d Cir 1992).

We believe that you would grant such a motion because you had indicated twice at the oral argument of the motion to dismiss that you would give the plaintiff and opportunity to amend the complaint if you granted the school district defendants motion to dismiss. I enclose a copy of the December 14, 2007 transcript pages 7 (lines 12 -13) and 9 (lines 17 – 19) where you said that you would give plaintiff leave to amend if you granted the defendants motion.

You granted the motion to dismiss, but did not give us leave to amend. With all due respect your Honor, we believe this is reversible error. We do not believe there was anything untoward when you directed the Clerk to enter final judgment and close the case without giving us the opportunity to amend our complaint. We think that with your heavy caseload you just forgot what you had said.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

In my opinion, since none of the parties thought you were going to grant the motion to dismiss, we continued to do paper discovery after the motion had been submitted and had been getting ready to take depositions when your decision came down. We believe that with the information that we received in discovery <u>so far</u> that we can file an amended complaint that will withstand a further motion to dismiss, including allegations to satisfy notice of claim requirements under Education Law, Section 3813. If necessary, we would ask for leave to amend again <u>after completing depositions</u>.

If you agree, we would have to send documentation from you to the Second Circuit with an indication that you would grant our rule 60(b) motion. If you were to do so, then the Second Circuit may consent to remand the case to you. Or, perhaps we could make the rule 60(b) motion to allow the Court to determine if it is likely to grant the motion and then get some indication from you that could say that you would be likely to grant the motion if the Second Circuit would give its consent to remand the case to you.

We would appreciate it if you could let us know what you decide and the procedure to follow as soon as possible so that we will know what to do with our scheduling order.

Respectfully yours,

*[signature]*

Leroy Wilson, Jr., Esq.
President

LWJr/rj

cc:    Simultaneously faxed to:

Michael G. McAlvin, Esq.              Hugh G. Jasne, Esq.
Ingerman Smith, LLP                   Jasne & Florio, L.L.P.
Counsel for Defendants School board and    Counsel for Defendant Alarm Specialists
Lynch                                 FAX # 914-682-8692
FAX # 631-261-0523

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Space Age Alarms, Inc. v. Board of Education of the White Plains City School District

Docket No. 08-1763-cv

*FILED MAY 13 2008 — UNITED STATES COURT OF APPEALS, SECOND CIRCUIT, Catherine O'Hagan Wolfe, Clerk*

AMENDED SCHEDULING ORDER # 2

The pre-argument conference has been rescheduled to **June 2, 2008 at 11:45am**. Appellant having received a **30** day extension of time to allow for this conference, it is hereby ordered that the scheduling order be, and it hereby is, modified to the following extent:

IT IS HEREBY ORDERED that the index to the record on appeal, a certified copy of the docket entries, and the clerk's certificate shall be filed on or before **June 20, 2008**.

IT IS FURTHER ORDERED that the appellant's brief and the joint appendix shall be filed on or before **June 27, 2008**.

IT IS FURTHER ORDERED that the brief of the appellee shall be filed on or before **July 28, 2008**.

IT IS FURTHER ORDERED that the ten (10) copies of each brief shall be filed with the Clerk.

IT IS FURTHER ORDERED that the argument of the appeal may be heard no earlier than the week of **September 8, 2008**. All counsel should immediately advise the Clerk by letter of the dates thereafter that they are unavailable for oral argument. The time and place of oral argument shall be separately noticed by the Clerk to counsel.

IT IS FURTHER ORDERED that in the event of default by the appellant in filing the record on appeal or the appellant's brief and joint appendix, at the times directed, or upon default of the appellant regarding any other provision of this order, the appeal may be dismissed forthwith without further notice.

IT IS FURTHER ORDERED that if the appellee fails to file a brief within the time directed by this order, such appellee shall be subject to such sanctions as the court may deem appropriate.

**NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED TO THE MOVING PARTY ABSENT A SHOWING OF EXTRAORDINARY CIRCUMSTANCES.**

Extraordinary circumstances must be established by an affidavit stating with particularity facts that on their face would make it exceedingly difficult for any reasonable attorney to meet the due date, not including time constraints imposed by other legal work.

The date of which a brief is due is NOT altered or tolled by the filing of a motion for an extension of time.

Catherine O'Hagan Wolfe, Clerk
by: *[signature]*
Stanley A. Bass
Staff Counsel

Date: 5/13/08

1       7ceispam as            Motion
  give those documents to all of the members of the board so that
2 they would have those, so that when the board finally made its
  decision as to whether or not to terminate the contract they
3 would have my client's information. The fact of the matter is
  I did not make a statement on the merits. When I arrived at
4 the meeting Mr. Salas, who was the assistant superintendent for

5 business, told me that the matter was going to be tabled.  I

6 simply made a procedural presentation and --

7          THE COURT:  This is a pleading issue.

8          MR. WILSON:  That's exactly right, your Honor.

           THE COURT:  It's a pleading issue.

10         MR. WILSON:  In our opinion, the pleadings are

11 sufficient under Bell Atlantic and --

12         THE COURT:  That's either a yes or no.

13         MR. WILSON:  Yes, it is.  And to that, I want to point

14 out to the Court that in their motion to dismiss in the main

15 papers they cited not one single Supreme Court case which

16 controlled this issue.

           THE COURT:  I understand your position.  I'm treating

18 it solely as a pleading motion.  If the motion is granted,

19 you'll have leave to amend.

20         MR. WILSON:  Thank you, your Honor.

21         THE COURT:  Fully submitted, decision reserved.

   Thank you for your attendance here today.

   (Proceedings adjourned)

              SOUTHERN DISTRICT REPORTERS, P.C.

                      (212) 805-0300



MEMO ENDORSEMENT

### SPACE AGE ALARMS, INC. V BOARD OF EDUCATION OF THE WHITE PLAINS CENTRAL SCHOOL DISTRICT

7CV 7606
08 Civ. 1763 (CLB)

The attached letter submitted by Leroy Wilson, Jr., Esq. and addressed to this Court, seeks leave to file a motion under Rule 60(b), and requests an indication from this Court that such a motion, if filed, would be granted, thereby returning jurisdiction to this Court from the Second Circuit Court of Appeals.

Leave is hereby granted for Counsel to serve and file its Rule 60(b) motion within fifteen (15) business days.

So Ordered.

Dated: June 12, 2008
White Plains, NY

Charles L. Brieant, USDJ

