**WILSON JACOBSON, P.C.**
ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

LEROY WILSON, JR.
ATTORNEY AT LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY CT and DC Bars

**BY FACSIMILE TO (914) 390-4085**

June 25, 2008

Hon. Charles L. Brieant
District Judge
United States Courthouse
Southern District of New York
300 Quarropas Street, Room 275
White Plains, New York 10601

*Ref. – Rule 60(b)(6) Motion - Space Age Alarms, Inc. v. Board of Education of the White Plains City School District Michael J. Lynch and Alarm Specialists, Inc. : 07 CV-7606 (CLB)(MDF) 2d Circuit Docket # 08 – 1763-cv*

Dear Judge Brieant:

We represented the plaintiff-appellant in this matter before the trial Court.

This letter follows my letter to you of June 4, 2008 and the subsequent telephone call that I received from Ms. Cama. I enclose a copy of that letter for your reference without the attachments.

I had hoped that counsel for the appellees would sign a stipulation consenting to the remand, which would simplify the Circuit Court's decision to remand. That is beginning to look more and more unlikely. Therefore, I write to you now because I might be compelled to move in the Second Circuit for remand of the case to you and a stay pending remand.

The Second Circuit has extended the time for filing the briefs, and for oral argument; however, we are now pressed to submit the index, docket entries and District Court's Clerk's certification.

When I last wrote to you, Ms. Cama telephoned me to say that your chambers would work out with the Second Circuit your willingness, based on what I wrote in the letter, to grant our rule 60(b) motion to vacate the Judgment that was entered and allow us to move to amend the complaint as you stated at the December 14, 2007 hearing. We would also propose to

supplement the complaint and submit the amended <u>and</u> supplemental complaint in one document.

Since it is looking more likely that I will be compelled to move in the Second Circuit, I respectfully request that you send me a document of some kind indicating your willingness to grant the rule 60(b) motion. I want to attach it to my motion. If you would prefer to communicate with the Second Circuit in some other way and have done so already, is there another document that you can send to me that I can attach to my motion?

Kindly let me know so that I may follow your procedure.

Respectfully yours,

Leroy Wilson, Jr., Esq.
President

LWJr/rj

cc:   Simultaneously faxed to:

Michael G. McAlvin, Esq.
Ingerman Smith, LLP
Counsel for Defendants School Board and Lynch
**FAX # 631-261-0523**

Hugh G. Jasne, Esq.
Jasne & Florio, L.L.P.
Counsel for Defendant Alarm Specialists
**FAX # 914-682-8692**

# WILSON JACOBSON, P.C.
### ATTORNEYS AT LAW

THE INNS OF COURT BUILDING
99 COURT STREET, SUITE 2
WHITE PLAINS, NEW YORK 10601-4264
(914) 997-0825
Fax: (914) 997-0830
Email: leroywilsonjr@nysbar.com
rjacobson@nysbar.com

LEROY WILSON, JR.
ATTORNEY AT LAW

RONI L. JACOBSON
ATTORNEY AT LAW*
*Member NY CT and DC Bars

## BY FACSIMILE TO (914) 390-4085

Hon. Charles L. Brieant
District Judge
United States Courthouse
Southern District of New York
300 Quarropas Street, Room 275
White Plains, New York 10601

*Ref. – Rule 60(b)(6) Motion - Space Age Alarms, Inc. v. Board of Education of the White Plains City School District Michael J. Lynch and Alarm Specialists, Inc. : 07 CV-7606 (CLB)(MDF) 2d Circuit Docket # 08 – 1763-cv*

Dear Judge Brieant:

As you know, we represent the Plaintiff – Appellant in this matter. The Court granted the motion of the school district defendants to dismiss this action when it was pending before this Court. We appealed and are operating under Amended Scheduling Order #2.

We find it necessary to write to ask you to consider a procedure under Federal Rules of Civil Procedure rule 60 (b) that may allow the Circuit Court to remand this matter to this Court pending appeal. We believe this procedure is allowed by Toliver v. County of Sullivan, 957 F. 2d 47, 49 (2d Cir 1992).

We believe that you would grant such a motion because you had indicated twice at the oral argument of the motion to dismiss that you would give the plaintiff and opportunity to amend the complaint if you granted the school district defendants motion to dismiss. I enclose a copy of the December 14, 2007 transcript pages 7 (lines 12 -13) and 9 (lines 17 – 19) where you said that you would give plaintiff leave to amend if you granted the defendants motion.

You granted the motion to dismiss, but did not give us leave to amend. With all due respect your Honor, we believe this is reversible error. We do not believe there was anything untoward when you directed the Clerk to enter final judgment and close the case without giving us the opportunity to amend our complaint. We think that with your heavy caseload you just forgot what you had said.

In my opinion, since none of the parties thought you were going to grant the motion to dismiss, we continued to do paper discovery after the motion had been submitted and had been getting ready to take depositions when your decision came down. We believe that with the information that we received in discovery so far that we can file an amended complaint that will withstand a further motion to dismiss, including allegations to satisfy notice of claim requirements under Education Law, Section 3813. If necessary, we would ask for leave to amend again after completing depositions.

If you agree, we would have to send documentation from you to the Second Circuit with an indication that you would grant our rule 60(b) motion. If you were to do so, then the Second Circuit may consent to remand the case to you. Or, perhaps we could make the rule 60 (b) motion to allow the Court to determine if it is likely to grant the motion and then get some indication from you that could say that you would be likely to grant the motion if the Second Circuit would give its consent to remand the case to you.

We would appreciate it if you could let us know what you decide and the procedure to follow as soon as possible so that we will know what to do with our scheduling order.

Respectfully yours,

Leroy Wilson, Jr., Esq.
President

LWJr/rj

cc:    Simultaneously faxed to:

Michael G. McAlvin, Esq.
Ingerman Smith, LLP
Counsel for Defendants School board and Lynch
FAX # 631-261-0523

Hugh G. Jasne, Esq.
Jasne & Florio, L.L.P.
Counsel for Defendant Alarm Specialists
FAX # 914-682-8692