UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPACE AGE ALARMS, INC.,<br><br>         Plaintiff,<br><br>  – against –<br><br>THE BOARD OF EDUCATION OF THE WHITE PLAINS CITY SCHOOL DISTRICT, MICHAEL J. LYNCH AND ALARM SPECIALISTS, INC.<br><br>         Defendants. | Case No.:<br><br>07-CV-7606 (CLB)(MDF) |

## MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S RULE 60 MOTION

> INGERMAN SMITH, LLP
> Attorneys for Defendants
> THE BOARD OF EDUCATION
> OF THE WHITE PLAINS
> CITY SCHOOL DISTRICT and
> MICHAEL J. LYNCH
> 150 Motor Parkway, Suite 400
> Hauppauge, New York 11788
> (631) 261-8834

## PRELIMINARY STATEMENT

This action arose out of the Defendant, The Board of Education of the White Plains City School District's (hereinafter "School District") decision to terminate its contract with Plaintiff, Space Age Alarm, Inc. (hereinafter referred to as "Plaintiff" or "Space Age"). Plaintiff was hired to provide labor/materials and service in connection with the School District's security and fire alarm systems. The contract was lawfully terminated by the School District based upon Plaintiff's wholesale failure to perform. Specifically, Plaintiff failed to install alarm equipment as required by the contracts.

In its suit which was subject of the Rule 12 Motion to Dismiss, Plaintiff sought declaratory and injunctive relief as well as monetary damages for a wide variety of perceived grievances and violations of state and federal law against the Defendant School District and Defendant Michael J. Lynch, the School District's Director of Facilities and Operations (hereinafter collectively the "School District"). On March 11, 2008, the Court issued a Memorandum and Order in which it granted the School District's Rule 12(b) Motion to Dismiss those claims. See School District Exhibit B. Judgment was entered thereafter. See Plaintiff Exhibit 2.

Thereafter, the Plaintiff filed its Notice of Appeal to the Second Circuit. During the pre-argument conference at the Second Circuit representations were made that the appellate court would likely return the matter to the District Court based upon statements made during the course of oral arguments on the Motion to Dismiss. Specifically, in response to a statement that the pleadings were sufficient by Plaintiff's counsel, the Court said, "If they're not, the Court will give leave to amend." The Court

1

concluded the arguments by stating, "I understand your position. I'm treating it solely as a pleading motion. If the motion is granted, you'll have leave to amend. [ ] fully submitted, decision reserved." See School District Exhibit A and Plaintiff's Exhibit 3.

In contemplation of judicial economy and in light of procedural roadblock as set forth in Tolliver v. Cnty. of Sullivan, 957 F.2d 47 (2d Cir. 1992), the parties consented to the transfer of jurisdiction to the District Court so the Plaintiff could file its Rule 60 Motion. Respectfully, Plaintiff's Motion should be denied as there was no mistake made by the District Court in not granting leave to amend the complaint and an order should be issued explaining such reasoning. If the Rule 60 Motion is granted and a Rule 15 Motion is ultimately filed, the Defendants should be granted the right to file an objection to such a motion if it is deemed necessary.

## ARGUMENT

It is in the discretion of the District Court to grant a Rule 60(b) Motion, however "final judgment should not be lightly reopened" (Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)) and should only be done so "upon a showing of exceptional circumstances." U.S. v. Int'l. Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). It is respectfully submitted that the District Court use that discretion to issue an order in which it denies the Rule 60 Motion by holding that statements made by the court or counsel at oral arguments are not binding unless set forth in the final order. The School District is not blind to the District Court's pronouncements made at oral argument. However, statements made by a court during the course of an active oral argument session do not necessarily reflect the final judgment of the court. This is particularly true where the

2

District Court reserves judgment at the conclusion of the argument so that it may present its determination in written form which occurred several months later.

Plaintiff argues that the District Court made a mistake in not permitting Plaintiff to amend its pleadings as "promised" during oral arguments. It is certainly just as plausible that the District Court, after hearing the arguments and fully digesting the Motion papers, determined that it would not grant any leave to amend, particularly where such relief was not requested by Plaintiff in its papers.

While not directly on point, Carter v. Rosenberg & Estis, P.C., No. 95-CV-10439, 1998 WL 150491 (March 31, 1998), is persuasive. The plaintiff had moved for the court to recuse itself based upon comments made by the court during an oral argument with respect to certain impressions it had formed as a result of the testimony and evidence presented at trial. Id. at *26-31. In denying the motion, the court stated:

> one of the chief purposes of oral argument in such situations is to afford counsel an opportunity to hear the Court's thinking on certain critical issues, so that the motion papers of both sides can be appropriately responsive. A judge's frankness in pointing out the factual and legal weaknesses in counsels' arguments-in this case, defense counsel's arguments-should thus be encouraged, and certainly never discouraged through meritless recusal motions.

Id., at *29; cf. Bates v. Johnson, 901 F.2d 1424, 1427-28 (7th Cir. 1990) (court held that oral statements made by the court during hearing are not injunctions which must be in writing).

If the District Court were inclined to have granted leave to amend, it would have done so in its original order.

3

## CONCLUSION

For all the foregoing reasons set forth herein, Plaintiff's Rule 60 Motion should be denied as the Memorandum and Order and the Judgment were the decision of the Court. It is respectfully requested that the Court issue an order denying Plaintiff's Rule 60 Motion and issue an order stating that, if the court intended to allow for the amendment of the pleadings it would have done so in its order. Respectfully, if the Rule 60 Motion is granted and a Rule 15 Motion is ultimately filed, the Defendants should be granted the right to file objection to such a motion if it is deemed necessary.

Dated:   Hauppauge, New York
         July 2 5, 2007

BY: _____
Michael G. McAlvin (MM-6074)
INGERMAN SMITH, LLP
Attorneys for Defendants
WHITE PLAINS CITY
SCHOOL DISTRICT and
MICHAEL LYNCH
150 Motor Parkway, Suite 400
Hauppauge, New York 11788
(631) 261-8834

To:

Leroy Wilson, Jr., Esq.
Wilson Jacobson, P.C.
Attorneys for Plaintiff
SPACE AGE ALARMS, INC.
The Inns of Court Building
99 Court Street, Suite 2
White Plains, New York 10601
(914) 997-0825
Fax: (914) 994-0830

Hugh G. Jasne, Esq.
Jasne & Florio, L.L.P.
Attorneys for Defendant
ALARM SPECIALISTS, INC.
525 North Broadway
White Plains, New York 10603
(914) 997-1212
Fax: (914) 682-8692