Hugh G. Jasne, Esq. (HGJ-5041)
*Attorney for Defendant Alarm Specialists, Inc.*
Jasne & Florio, L.L.P.
30 Glenn St. Suite 103
White Plains, NY 10603
(914) 997-1212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
SPACE AGE ALARMS, INC.,

       Plaintiff(s),

-against-

THE BOARD OF EDUCATION OF THE
WHITE PLAINS CITY SCHOOL DISTRICT,
MICHAEL J. LYNCH AND
ALARM SPECIALISTS, INC.

       Defendant(s).
-----------------------------------------------------------X

Case Dkt. No.:

**07-CV-7606 (CLB)(MDF)**

**AFFIRMATION IN RESPONSE TO PLAINTIFF'S
MOTION TO VACATE JUDGEMENT IN ACCORD WITH RULE 60(b)(1)**

Defendant, ALARM SPECIALIST, INC., by its attorneys, JASNE & FLORIO, L.L.P., sets forth the following Affirmation of Hugh G. Jasne Esq. in response to Plaintiff's Motion to Vacate Judgement:

1. Defendant, ALARM SPECIALIST, INC. entered into a stipulation dated June 26th 2008 agreeing to remand the above case to District Court to be heard on Plaintiff's Motion to Vacate Judgement.

2. Defendant, ALARM SPECIALIST, INC., does not oppose the Motion to Vacate the

Judgement once returned to the District Court.

3. Defendant, ALARM SPECIALIST, INC., states that Plaintiff may amend the complaint, but will still fail to set forth a claim for Violation of Section 1981 of Title 42, U.S. Code. for discrimination, or state any other Federal Claim, as Plaintiff has failed to set forth one scintilla of evidence indicating discrimination by either Defendant in this case against the Plaintiff. The only facts set forth by the Plaintiff for this claim is that the business is "owned by black people".

4. The fact that a company is minority owned does not give rise to the presumption that it was discriminated against when it fails to perform a contract and thus is terminated from employment.

5. Defendant, ALARM SPECIALIST, INC. states that although it concedes that the District Court is the proper forum for this motion, the Plaintiff has failed to allege or set forth any issues or facts that may be remedied by law in this forum, and such defect is unamendable.

6. Based upon the above, nothing contained herein should be deemed a concession as to the viability of Plaintiff's claim, or waiver of the right to make any other motion as against any amended claim brought by the Plaintiff in this matter, or any concession that Plaintiff has stated or will state a viable Cause of Action upon amendment.

7. Further, based upon what Alarm Specialist has set forth herein and previously, nothing contained herein should be deemed a waiver as to any claim for legal fees and costs incurred by Defendant Alarm Specialist, nor should this posture be deemed as a consent, tacit or otherwise that a claim may not be brought for sanctions in accord with Rule 11 for maintenance of a frivolous claim.

Dated: White Plains, New York
       August 13, 2008

                                                            _____
Hugh G. Jasne, Esq. (HGJ-5041)
*Attorney for Defendant Alarm Specialists Inc.*
JASNE & FLORIO, L.L.P.
30 Glenn St. Suite 103
White Plains, NY 10603
(914) 997-1212

To:    Wilson Jacobson P.C.
       *Attorney for Plaintiff*
       The Inns of Court Building
       Suite 2
       White Plains NY 10601-4264

       Michael McAlvin
       *Attorney for Defendant White Plains*
       Ingerman Smith LLP
       150 Motor Parkway, Suite 400
       Hauppauge, NY 11788